# Woods *v.* Dunlap.

## *Trover.*

1. *Personal property belonging to wife's statutory separate estate; title to articles taken in exchange for.*—Where a married woman invested money of her statutory separate estate in a purchase of cattle, which were afterwards exchanged for other chattels, and later these were exchanged for a wagon and oxen, one of the exchanges having been made by the wife, and the other, by the husband, acting for her and with her authority, and no writings were executed, evidencing either exchange,—*held*, under the authority of *Pollak & Co. v. Graves,* 72 Ala. 347, that the title to the wagon and oxen never vested in the wife, and that she could not maintain trover for their conversion.

2. *When acts and declarations of husband admissible against wife.*—In trover by the wife against a purchaser at a sale under execution against the husband, for a conversion of the property sold, the question being, whether, at the time of the levy, it belonged to the wife or the husband, acts and declarations of the husband, made while the property was in his possession, and tending to show asserted ownership by him, are admissible for the defendant.

3. *Exception to general charge; when insufficient.*—A general exception to an entire charge, consisting of several distinct and separable propositions, is insufficient, if any one of the propositions correctly declares the law.

APPEAL from St. Clair Circuit Court.

Tried before Hon. LE ROY F. BOX.

This was an action of trover, brought by Lucinda Woods, a married woman, the wife of John Woods, against William Dunlap and another, for the conversion of a wagon and a yoke of oxen, alleged to have belonged to the plaintiff as her statutory separate estate. The cause was tried on issue joined on

[Woods v. Dunlap.]

the plea of not guilty, the trial resulting in a verdict and judgment for the defendants. The evidence showed that the wagon and oxen, for the conversion of which the suit was brought, were seized and sold under an execution issued on a judgment against the said John Woods; and that, at the sale, the defendant Dunlap purchased and took possession, and afterwards, on the same day, sold and delivered them to his co-defendant. The other facts disclosed by the evidence are sufficiently stated in the opinion. In its general charge, the court charged the jury, *inter alia*, " that the title to the property acquired by an exchange of the property of the wife's statutory separate estate, either by herself in person, or by her express directions to her husband to make the trade for her, vested the title in her husband to the property acquired, and it was subject to the debts of the husband, unless such conveyance was made in writing, signed by both husband and wife." The defendant reserved an exception to the entire general charge of the court, and also to the refusal of the court to charge the jury, at her written request, that if they "find from the evidence that the property exchanged for the wagon and oxen, or either, was the statutory separate estate of the plaintiff, and that the exchange was made for such property by plaintiff in person, or by the husband under her express directions, then the title to the property thus acquired did not vest in the husband, but in the wife."

These rulings and the rulings on the admissibility of evidence, noted in the opinion, are among the assignments of error here made.

S. F. RICE, for appellant.

J. N. INZER, *contra.*

STONE, J.—The testimony in this case, as to which there is no controversy, shows that the plaintiff had some money, her statutory separate estate, which was invested by her in a purchase of cattle. Subsequently the cattle were exchanged for a mule and sorghum mill, and later these were exchanged for the wagon and oxen, for the conversion of which this action is brought. Some of the exchanges were made by Mrs. Woods, and some by her husband, acting for her, and with her authority. No writings were executed, evidencing either exchange. These being the uncontroverted facts, under the authority of *Pollak & Co. v. Graves*, 72 Ala. 347, we are constrained to hold that the title to the wagon and oxen never vested in Mrs. Woods, and she can not maintain this action.

A mortgage and some declarations of Woods, made while

[Hood v. Powell.]

the property was in his possession, and each tending to show acts of asserted ownership, were given in evidence against the objection of appellant. There was no error in this.—1 Brick. Dig. 843, § 55¾.

There is but one exception to the entire charge. Some of its propositions are in strict accord with the principles above declared. Such general exception is insufficient, if any separable paragraph or proposition of the charge correctly declares the law.—*Elliott v. Stocks*, 67 Ala. 336; *Gray v. The State*, 63 Ala. 66; *Mayor v. Rumsey, Ib.* 352.

Affirmed.