# Askew Brothers *v.* Steiner & Lobman.

*Trover for Conversion of Mule, with Counts in Case.*

1. *Proof of execution of mortgage.*—When the plaintiff claims the personal property in controversy under a mortgage, or other written instrument, which is attested by subscribing witnesses, its execution must be proved by one or both of them, or a proper predicate must be laid for the introduction of secondary evidence; and the grantor's admission of its execution, not made *in judicio*, or in open court, does not dispense with this proof.

2. *Payment of mortgage debt.*—When a mortgage conveys personal property, payment of the mortgage debt satisfies and extinguishes the mortgage, and the mortgagee can not afterwards maintain an action at law founded on it.

3. *Same.*—A mortgagee of personal property holds it in trust for the payment of the mortgage debt; and when he takes possession, and sells or converts it to his own use, applying the proceeds of sale, with the consent of one only of two joint mortgagors, to the payment of another debt, the mortgage is satisfied so far as the rights of the other mortgagor are concerned.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

This action was brought by the appellants, suing as partners, to recover damages for the defendants' alleged conversion of a mule called *Cricket;* and was commenced on the 24th October, 1882. The complaint contained a count in trover, and several counts in case; and the cause was tried on issue joined on the plea of not guilty. The plaintiffs claimed the mule, as the bill of exceptions shows, under three mortgages, as follows: 1st, a mortgage executed to them by W. B. McClendon and W. F. Hopkins, which was dated February 18th, 1880, was given to secure statutory advances to make a crop during the year

VOL. LXXVI.

[Askew Brothers v. Steiner & Lobman.]

1880, and conveyed the mule here in controversy, with another mule called *John*, and other personal property ; 2d, a mortgage executed to them by said W. B. McClendon alone, which was dated February 10th, 1881, conveyed the same mules, with other personal property, and was given to secure the payment of statutory advances to make a crop during the year 1881 ; and, 3d, a mortgage executed by said McClendon and one G. W. Wright to Steiner & Lobman, the defendants in this suit, and by them transferred to the plaintiffs. This last mortgage was dated January 7th, 1880 ; was given to secure the payment of statutory advances to make a crop, to the amount of $87 ; conveyed the same two mules, with other personal property, and was sold and transferred by said Steiner & Lobman, by written transfer dated September 3d, 1881, to plaintiffs, in consideration of $95 in hand paid. Each of these mortgages was executed in Marengo county, where the property conveyed then was, and each was attested by one or two subscribing witnesses. When the plaintiffs offered in evidence the two mortgages to themselves, they offered to prove the execution thereof by H. Askew, one of said plaintiffs, who was present when said mortgages were signed and attested ; " and plaintiffs' attorney stated to the court, that Geo. L. Hawkins, the attesting witness to said instruments, had just recovered from a severe spell of sickness, and was unable to travel from Dayton, in Marengo county, to Camden, in said county of Wilcox." On objection by the defendants, the court excluded this evidence, and the plaintiffs excepted. The third mortgage, transferred by defendants to plaintiffs, with the transfer and other indorsements thereon, " was permitted to go to the jury without objection ; " but, when the plaintiffs offered in evidence the note which it was given to secure, and which was signed by said McClendon and G. W. Wright, and attested by two witnesses, the defendants objected to its admission as evidence, without proof of its execution by the testimony of the subscribing witnesses ; which objection was sustained by the court, and the plaintiffs duly excepted.

The mule *John*, conveyed by said several mortgages, was delivered to the plaintiffs by said McClendon, at the agreed price of $125, which was applied, by his direction, as a partial payment on their mortgage debt ; but it was shown that the mule *Cricket*, here in controversy, which was claimed by said G. W. Wright as his individual property, was sold by him to the defendants, in January, 1882, at the agreed price of $110, and was sold by defendants to some person unknown. As to this mule, one of the defendants, testifying as a witness for them, stated that, on the 7th January, 1880, when defendants took said mortgage from McClendon and Wright, they had a

claim on the other mule (*John*), which McClendon wished to remove from Wilcox to Marengo county, to which removal they objected ; that Wright thereupon proposed, if they would consent to the removal, " to put the mule *Cricket* (which he claimed as his own property), and also his wages into the mortgage, and to sign the mortgage with said McClendon, who was his brother-in-law ;" that they consented to this arrangement, and the mortgage was executed in pursuance of its terms ; that the mule *Cricket* was brought back into Wilcox county by said Wright, in June or July, 1881, and there remained in his possession until January, 1882, when they, " believing that Askew Brothers had had every opportunity to make their money on the transferred mortgage out of the property named therein, or from the crop of 1881," bought said mule from Wright, at the agreed price of $110.

On this evidence, the plaintiffs asked the court to instruct the jury, " that unless they are satisfied, from the evidence, that the mule *John* belonged to said Wright, he was not authorized to give any direction as to the money derived from, or the value placed upon said mule." The court refused this charge, and the plaintiffs excepted to its refusal ; and they also reserved exceptions to the following charges, which were given by the court on the request of the defendants :    (1.) " If the jury believe, from the evidence, that at the commencement of this suit, on the 24th October, 1882, there was in law nothing due on the mortgage in evidence, then the plaintiffs can not recover in this action."    (2.) " If the direction as to the application of the proceeds arising from the sale of the mule *John*, named in said mortgage, was made by McClendon alone, and said Wright, the co-mortgagor, had nothing to do with said application, and never ratified it ; then the law applies the payment to the mortgage debt, and, if the amount realized from the sale was as much as the amount due on the mortgage, then the mortgage was satisfied, and plaintiffs can not recover in this action."    (3.) " If the jury find, from the evidence, that Steiner & Lobman, at the time they purchased the mule from said Wright, knew that said mortgage had been satisfied, and if said mortgage was in fact then satisfied, then the mere existence of said mortgage on the record, after it had been satisfied, would not interfere with the defendants' right to purchase ; and if they did so purchase, they got a good title."

The exclusion of the evidence offered, the charges given, and the refusal of the charge asked, are now assigned as error.

R. GAILLARD, for appellants, cited *Bickley v. Keenan & Co.*, 60 Ala. 293 ; *Morrow v. Turney*, 35 Ala. 131 ; *Brewer v. McCrary*, 52 Ala. 154 ; *Ala. Warehouse Co. v. Lewis*, 56 Ala.

514; *Steiner & Bro. v. McCall*, 61 Ala. 413; Jones on Chat. Mort. §§ 89, 64, 505, 493, 481, 516; *McCravey v. Remson*, 19 Ala. 430; *Pool v. Harrison*, 18 Ala. 514; *Lang v. Wilkinson*, 57 Ala. 259.

S. J. Cumming, *contra*, cited *Ellerson v. The State*, 69 Ala. 1; *Meyer v. Mitchell*, 75 Ala. 475; Jones on Chat. Mort. § 646; *Levystein v. Whitman*, 59 Ala. 345; *Sanders v. Knox*, 57 Ala. 81; *Webster v. Singley*, 53 Ala. 208.

SOMERVILLE, J.—The several written instruments which were offered in evidence by the plaintiffs, and excluded by the court, were properly excluded. They were all attested by subscribing witnesses, one or more of whom should have been produced to prove the execution of the writings to which they had respectively affixed their attesting signatures. This rule is a familiar and fundamental one, and applies in all cases where the instrument necessary to be proved is the foundation of the party's claim, or he is privy to it, or where it purports to be executed by his adversary; but not where it is merely collateral, or *inter alios* under or from whom neither party seeks to claim any right, title or interest. It is well settled, that the mere admission of the grantor of a deed, or of the maker of any instrument, that he executed it, does not dispense with the necessity of producing an attesting or subscribing witness, unless such admission be made *in judicio*, or in open court.—1 Greenl. Ev. § 569; *Russell v. Walker*, 73 Ala. 315; *Jenks v. Terrell, adm'r, Ib.* 238; *Ellerson v. State*, 69 Ala. 1; *Patterson v. Kicker*, 72 Ala. 406. The writings in question came within this rule, and not within the influence of section 3036 of the Code, which authorizes the admission in evidence, without any proof of execution, only of written instruments which purport to be signed by the defendant, his agent or attorney, and constitute the foundation of the particular suit, and the execution of which is not denied by plea under oath.—Code, 1876, § 3036.

The plaintiff's only title to the mule in controversy, so far as shown by the evidence, was the mortgage executed by McClendon and Wright, on January 7th, 1880, to the defendants, and assigned by the mortgagees to the plaintiffs. It is clear that, if the mortgage debt was discharged, prior to the commencement of the suit, the lien of the mortgage would be extinguished, and the action must necessarily fail, because no title to personal property can be shown under a satisfied mortgage.—*Burns v. Campbell*, 71 Ala. 271; Herman on Chat. Mortg. § 168; *Dryer v. Lewis*, 57 Ala. 551. The first

[O'Donnell v. Rodiger.]

charge given at the request of the defendants was a mere assertion of this principle, in substance, if not in language.

The undisputed evidence, the credibility and weight of which was submitted to the jury, shows that the mortgage was satisfied. The plaintiffs are shown to have received other property covered by the same mortgage, admitted to be of a valuation greater than the mortgage debt. It makes no difference to which of the mortgagors, McClendon or Wright, this property belonged. The plaintiffs had no right to apply it to any other than the mortgage debt, without the consent of both of the mortgagors. The rule is a just one, that a mortgagee holds the mortgaged property in trust for the payment of the mortgage debt, and where he takes possession of it, and sells or converts it to his own use, the law satisfies the debt.—*Levystein v. Whitman*, 59 Ala. 345. In *Steele v. Mealing*, 24 Ala. 285, it was held, that a mortgage given to a surety, to indemnify him against a particular debt, so far enured to the benefit of a co-surety, as to prevent the mortgagee from applying the proceeds of the mortgaged property to any other than the mortgage debt, to the prejudice of his co-surety. Admitting that the mule *John* belonged to McClendon, he and the plaintiffs had no right to dispose of the property, without the consent of Wright, so as to appropriate it to the satisfaction of any other debt than the particular one for the security of which it had been mortgaged.

The charges of the court are free from error, and the judgment is affirmed.