# Parker *v.* Wimberly.

### Statutory Claim Suit.

1. *Conveyance of wife's statutory estate; contracts between husband and wife.*—Where a married woman, owning a bale of cotton as a part of her statutory estate, delivered it to a creditor of her husband in satisfaction of his debt, which was secured by a mortgage on a horse, under a verbal agreement with her husband that the horse should be hers; *held,* that her title to the bale of cotton was not divested by the transaction, nor did she acquire any title to the horse which she could enforce by a statutory claim suit against a subsequent execution creditor of her husband.

2. *Form of judgment, on verdict for plaintiff; amendment of judgment.*— On the trial of a statutory claim suit, the issue being found in favor of the plaintiff in execution, the judgment should be, not that he recover the property or its assessed value, but that the property is subject to the execution; but this, being a clerical misprision, and amendable in the court below, will be corrected by this court at the costs of the appellant.

[Parker v. Wimberly.]

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

This was a statutory trial of the right of property in and to a horse, between Mrs. Martha L. Parker as claimant, and M. W. Wimberly, plaintiff in execution againt Nason Parker, who was the husband of the claimant; and was commenced in a justice's court, on the 14th December, 1883. On the trial before the justice, the claimant recovered a verdict and judgment; and the cause being removed by appeal into the Circuit Court, a bill of exceptions was there reserved by the claimant, in which the facts are thus stated: "An issue having been made up between the parties by the court, it was shown on the trial that a mortgage had been given by the defendant in execution to W. W. Wilkinson, which embraced the horse here in suit; and there was proof of the value of the horse, the plaintiff's judgment and execution, and its levy on the horse. Thereupon evidence was introduced by both parties, and the cause was submitted on the following agreed state of facts, which was reduced to writing by the court: That by an agreement, not in writing, between said defendant in execution and his wife (claimant), they agreed that Mrs. Parker should pay off the mortgage on the horse, and that the horse should then be hers. The payment was made in this manner: Some one owed her some money on her statutory estate, and paid the debt by delivering a bale of cotton; this bale of cotton was delivered to Wilkinson, who held the mortgage on the horse, and who took it, at a stipulated price, in discharge of the mortgage. Said sale, agreement and arrangement was by word of mouth only. After the mortgage [was] thus paid, which was before the levy of the execution in this case, claimant claimed the horse, and her husband recognized it as her property. The value of the cotton was $54. On this state of facts, the court charged the jury, at the instance of the plaintiff, that they must find for the plaintiff, if they believe the evidence." The claimant excepted to this charge, and also to the refusal of a similar charge asked in her favor; and she here assigns these rulings as error.

J. F. STALLINGS, for appellant.

GAMBLE & RICHARDSON, *contra*.

CLOPTON, J.—The power of disposition conferred on a married woman, as to her statutory separate estate, is limited by the statute, and restricted to the specific mode prescribed. She can not divest herself of title to property, real or personal, things in possession or in action, her statutory separate estate,

except by an instrument in writing, attested or acknowledged, whether a sale or exchange is intended. The statute makes no distinction in respect to the kind or species of property. Neither can she mortgage or sell her separate estate, to secure, or in payment of her husband's debts; and husband and wife can not contract with each other, for the sale of any property. Code, §§ 2707, 2709; *Williams v. Bass*, 57 Ala. 487; *Boyleston v. Farrior*, 64 Ala. 574; *Simms v. Kelly*, 70 Ala. 429.

From the agreed statement of facts it appears, that the claimant delivered to the mortgagee a bale of cotton, which was her statutory separate estate, and which was accepted by him, at a stipulated price, in payment or satisfaction or her husband's debt secured by the mortgage. No instrument in writing was executed by the husband and wife. There was no agreement between the mortgagee and the claimant for the sale of the horse, or its exchange for the mortgage. The agreement that the horse should be the claimant's, in consideration of her payment of the mortgage debt, was between her and her husband. The transaction did not operate to divest her title to the cotton, nor to vest in her title to the horse.—*Pollak v. Graves*, 72 Ala. 347; *Woods v. Dunlap*, 73 Ala. 169. The record does not present the case of a conveyance of property by the husband to the wife, in payment of a debt he owed her, nor of the investment of her money in the purchase of property.

In a trial of the right of property, like this, the claimant must recover on the strength of her title. When the plaintiff shows a *prima facie* case, the *onus* is cast on the claimant to establish a legal title in herself—such title as would enable her to maintain trespass, trover, or detinue.—*Shahan v. Herzberg*, 73 Ala. 59; *Frow v. Downman*, 11 Ala. 880. It may be that the claimant has an election, to reclaim the cotton, or to ratify the payment, and be subrogated to the rights of the mortgagee; but, if she elects the latter, it can be enforced in a court of equity only; a court of law can not take cognizance of it.

The judgment rendered by the Circuit Court is improper. The plaintiff does not recover the property. On the verdict of the jury finding the issue in favor of the plaintiff, a judgment of condemnation should be rendered; that is, that the property is subject to the plaintiff's execution. No judgment should have been rendered for the assessed value. By the statute, the claim bond, when indorsed forfeited by the sheriff, has the force and effect of a judgment, and execution must be issued against all the obligors therein, for the amount of the judgment of the plaintiff, or the assessed value of the property, as the case may be.—Code, § 3344; *Seamans v. White*, 8 Ala. 656; *Wallis v. Rhea*, 10 Ala. 451. As the judgment is

amendable in the court below, it is our duty, under the statute, to make the amendment; and it is so ordered at the costs of the appellant.

Judgment corrected, and affirmed.