# Kennon & Hill *v.* Adams Bros.

*Action of Detinue.*

1. *Detinue; form of judgment dismissing claim.*—On the dismissal, by consent, of a claim interposed under the statute in an action of detinue, the property having been delivered to the claimant on bond, a judgment of dismissal and for the cost of the claim suit should be entered; a judgment, on such dismissal, against the claimant for the property sued for or its alternate value is irregular and will be corrected on appeal.

2. *Same; practice on dismissal of claim.*—Where a claim is interposed under the statute in a detinue suit and the property is delivered to the claimant on bond, it is the duty of the claimant, upon the dismissal of his claim, to deliver the property to the sheriff within thirty days, as provided in Code. § 3008, and acts 1888-9, p. 57. On failure to do so the sheriff should return the bond forfeited and the clerk—judgment having been entered for the plaintiff in the main suit—should issue execution against all the obligors on the bond for the assessed value of the property and for the costs of the main suit.

[Kennon & Hill v. Adams Bros.]

APPEAL from the Circuit Court of Lee.

Tried before the Hon. J. M. CARMICHAEL.

Adams Bros. brought an action of detinue against Thomas E. Altha, and Kennon & Hill, interposed a claim to the property sued for. Upon the claimants giving bond pursuant to the statute the property was delivered to them by the sheriff. On motion of the plaintiff and with the claimants consent, the court dismissed the claim.

On April 28, 1891, the following judgment entry was made : "This cause coming on to be heard, come the parties by attorneys, and the issues were made up under order of the court, and plaintiff moved the court to dismiss the claim propounded by the claimant, to which motion claimant consented. The defendant suggested the title of the plaintiff was a mortgage on the property sued for ; and issue being joined as shown by the record, and trial had, come a jury of good and lawful men, to-wit, C. J. Roberts and eleven others, who, being impaneled, sworn and charged, on their oaths say : "We, the jury find for the plaintiff for the property sued for in the complaint. We find the value of the property to be as follows, to-wit, one horse, $50; three cows, $24. We find the use or hire of the horse to be $10 per annum, We further find that the amount due on mortgage to be $79." It is therefor ordered, adjudged and decreed that the plaintiff have and recover of the defendant the property sued for, or its alternate value. But if the amount of the mortgage debt herein before stated as due, and interest thereon and costs, is paid within thirty days, then no execution or other process shall issue on the judgment. But if said mortgage debt is not so paid, and interest and cost, then it is ordered, adjudged and decreed that the plaintiff have and recover of said defendant the property sued for or its alternate value, together with the costs in this case, for which let execution issue. And it appearing to the court that the property is in the hands of the claimant, who made a claim bond, it is ordered, adjudged, and decreed that the plaintiff have and recover of the claimant the property sued for, or its alternate value aforesaid, together with the cost in this behalf expended, for which unless said mortgage debt, interest and costs, is paid within thirty days, let execution issue." On April 19, 1892, the sheriff returned the claim bond with the following indorsement entered upon it : "The claimant in the within bond, for more than thirty days heretofore, having failed to deliver the property to satisfy the judgment in said cause therein named to pay the damages assessed in the cause by

the jury, I hereby declare said bond forfeited, and hereby make return of said fact, this, the 19th day of April, 1892." Hence this appeal.

J. M. CHILTON, for the appellants.

McCLELLAN, J.—On the dismissal of appellant's claim in the court below at plaintiffs' motion to which claimants consented, there should have been a formal judgment of dismissal and for the costs of the claim suit. Beyond this it was not necessary for the judgment to go. The execution of bond by claimants and their possession of the property under the bond at the time of the dismissal of their claim, taken in connection with the fact and judgment of dismissal, brought the case within the provisions of section 3008 of the Code as applied to actions of detinue by the Act of February 26, 1889—Acts 1888-9, p. 57, and it thereupon became claimants' duty to deliver the property to the sheriff within thirty days. If they failed in this, it was the sheriff's duty to return the bond forfeited; and upon this the clerk, judgment having been entered for the plaintiff in the main suit for the property or its alternate value, and not having been satisfied, should have issued execution against all the obligors on the bond for the assessed value of the property and for the costs of the claim suit. There was in fact no judgment rendered formally dismissing the claim of Kennon & Hill, the entry reciting only that plaintiffs moved to dismiss the claim and that claimants consented to the motion. The judgment rendered against claimants was that plaintiffs have and recover of them the property sued for or its alternate value as assessed by the jury in the main cause, and the costs of the claim suit. This judgment was irregular. It will be corrected here by an adjudication dismissing the claim of Kennon and Hill and taxing them with the costs thereof, and as corrected it will be affirmed.

Corrected and affirmed.