# Petree v. Wilson Bros. & Co.

## Statutory Trial of the Right of Property.

1. *Execution of a chattel mortgage; how proved.*—The execution of a mortgage upon personal property, purporting to be attested by a subscribing witness, cannot be proved by the mortgagor or mortgagee when the subscribing witness is not called, and no reason for not producing him is shown.

2. *Judgment in statutory claim suit; when erroneous as against sureties of claimant.*—When in a statutory claim suit to try the right to property, on which an execution has been issued, the issue is found against the claimant, judgment should be rendered declaring the property liable to the satisfaction of the execution, and it is erroneous to render a judgment against the sureties on a claim bond for the costs of the claim suit; the sureties being only liable on said bond upon its forfeiture, by the claimant failing to deliver the property within thirty days after the rendition of judgment.

3. *Same; same; when corrected on appeal.*—When in a statutory claim suit the issue is found against the claimant, and judgment is rendered against the claimant and his sureties on the claim bond for the costs of the suit, the error in rendering judgment against the sureties is no ground for a reversal, but is a mere irregularity; and if the judgment is otherwise correct and proper under the pleadings and facts of the case, this irregularity will be corrected on appeal, by striking out that part of the judgment which gives costs against the sureties.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. H. C. SPEAKE.

Wilson Bros. & Co., at the spring term of the circuit court of Franklin county, 1887, recovered a judgment against R. C. Hughes, for the sum of $190.84, besides costs. On this judgment, an execution issued on the 10th day of October, 1891, and, coming to the hands of the sheriff, was levied on certain personal property, the subject of this claim suit. On the 29th of February, 1892, W. R. Petree, the appellant, made an affidavit that the property levied on was his property, and executing a claim bond, as required by statute, (Code, § 3004), the sheriff delivered the property levied on to the claimant, and filed the papers with the clerk of the court, on

[Petree v. Wilson Bros. & Co.]

April 9, 1892. At a subsequent term of the court, an is-
sue was made up under the direction of the court, between
the plaintiffs in execution, Wilson Bros. & Co., and the
claimant, W. R. Petree, to try the right to this prop-
erty—the plaintiffs alleging that the property levied
on was the property of the defendant in execution and
liable to its satisfaction, on which allegation the claim-
ant took issue.

On the trial had, the plaintiffs proved that the defen-
dant was in the possession of the property levied on, at
the date of the levy claiming it as his own. They also
introduced in evidence, the execution, its date and the
levy of the sheriff, and the separate values of the differ-
ent pieces of property levied on. The claimant, as proof
of his claim, sought to introduce a mortgage upon the
property levied on, which had been given to him by
Hughes, the defendant in execution, of date prior to the
date of the issuance of said execution, and which had
been recorded in the probate office of Franklin county,
within the time required by law. The mortgage was
signed by said Hughes, by making his mark, and ap-
peared to have been attested by one James Cabiness, who
was shown to be living within a few miles of Russellville,
the county seat of Franklin county, but who had not
been summoned as a witness. The plaintiff objected to
the introduction of the mortgage, without proof of its
execution by said subscribing witness, which objection
the court sustained and claimant excepted. The claim-
ant then offered to prove the execution of said mortgage
by the mortgagor, Hughes, and also by himself, the
mortgagee, which, on the objection of plaintiff, the court
would not allow; and the claimant excepted.

There was judgment for the plaintiff, the substance of
which is stated in the opinion. The claimant appeals,
and assigns as error the rulings of the trial court upon
the evidence, and the rendition of judgment against the
sureties on claimant's bond.

J. W. Bolton, for appellant.—The mortgage signed
by Hughes, who was one of the defendants in this case,
was clearly admissible in evidence without proof of its
execution, unless such execution was denied by sworn
plea.—*Meyer Bros. v. Mitchell*, 75 Ala. 475; *Hooper v.
Strahan*, 71 Ala. 75; Code of 1886, § 2770.

The judgment in this case was erroneous, because rendered on the claimant's bond against the sureties.—*Langworthy v. Goodall*, 76 Ala. 325.

ALMON & BULLOCK, *contra.*—The execution of the mortgage can not be proved by the mortgagor or mortgagee when it is attested by a subscribing witness, when such subscribing witness is not called on the trial, and no reason for failing to introduce him is shown.—*Askew Bros. v. Steiner*, 76 Ala. 218; *Russell v. Walker*, 73 Ala. 315; 1 Greenl. on Evidence, § 512.

HARALSON, J.—The evidence introduced by the plaintiffs—their judgment, execution thereon, levy on the property claimed, the claim bond of the claimant, the possession of the property at the time by defendant in execution claiming it as his, and the value of each separate article levied on—entitled the plaintiffs to a verdict and judgment on the issue joined, unless the claimant proved a superior right and title.

To do this, he sought to introduce a mortgage on the property levied on, executed by defendant in execution to him, older than plaintiffs' execution, under which they claimed the right to the property. But the claimant did not prove the execution of his mortgage by the subscribing witness, shown to be living near at hand, and who had not been subpœnaed. No rule is better settled, than that when one claims personal property under a mortgage, which is attested by a subscribing witness, its execution must be proved by him, or a proper predicate must be laid for the introduction of secondary evidence; and the admissions or declarations of the parties themselves to the instrument (not made in open court, or in writing for the purposes of a trial when they are parties litigant) are not admissible for this purpose.—*Askew v. Steiner*, 76 Ala. 218; *Richmond & D. R. R. Co. v. Jones*, 92 Ala. 226. And, its execution can not be proved by the mortgagor or mortgagee, when the subscribing witnesses are not called, and no reason for failing to produce them is shown.—*Russell v. Walker*, 73 Ala. 315.

There were other questions reserved as to the introduction of the record of the judgment in the probate court, but they are not important to be considered.

The judgment of the court was, that certain property

which had been levied on and claimed, but found by the jury to belong to the defendant in execution, be condemned to the satisfaction of plaintiffs' debt. The court went further, and entered judgment againt the claimant and the sureties on his claim bond, for the costs of the claim suit. It is only by virtue of the statute that execution can issue against the sureties, for they are not parties to the judgment. If judgment is rendered against the claimant, as was done here, and he fails to deliver the property within thirty days thereafter, to satisfy the plaintiffs' execution, the sheriff must endorse the bond forfeited; and thereupon, the clerk must issue execution as directed by section 3008 of the Code, for the "plaintiffs' judgment * * * and also for the damages, if any were assessed, and the costs of the trial of the right of property."—*Langworthy v. Goodall*, 76 Ala. 325; *Catching v. Bowden*, 89 Ala. 605.

But, this was a mere irregularity, which will be corrected here, by striking out that part of the judgment which gave costs against the sureties, and as thus corrected, it will be affirmed.—*Kennon v. Adams*, 100 Ala. 288.

Corrected and affirmed.