# Alabama Great Southern R. R. Co. *v.* Vail.

## *Action for Damages for Injury to Employe.*

(Decided May 14, 1908. 46 South. 587.)

1. *Trial; Reception of Evidence; Admissibility Under Counts Taken from Jury.*—Where, under a count in the complaint, evidence was admissible, the fact that the count was afterwards withdrawn from the jury does not render the reception of such evidence error.

2. *Evidence; Experts; Experience; Particular Conditions.*—A person shown to have had experience in unloading heavy timbers under ordinary conditions was sufficiently qualified as an expert to justify admission of his testimony as to the number of men required to handle the timber when there was ice on it, although no evidence of his experience in unloading such timber from cars when there was ice on the timber and the cars was shown.

3. *Same; Hearsay; Identity of Subject Matter.*—In the absence of accompanying testimony of one having actual knowledge of the identity of the timber, it was incompetent for a witness to testify as to the character and number of men required to handle a particular piece of timber pointed out to him, where the action was for injuries resulting from the fall of a piece of timber on plaintiff's person.

4. *Master and Servant; Injury to Servant; Evidence; Custom as to Number of Men Employed.*—Where the action was for injuries to a servant from timber falling on his foot, evidence as to the number of men defendant customarily used inside of the car in unloading that class of timber is admissible.

5. *Same; Action for Injury; Other Proximate Causes; Instruction.* A charge asserting that if the timber slipped or fell and struck plaintiff's foot because of ice on the timber, and that was the proximate cause of the injury, the verdict should be for the defendant, is improper, since the negligence alleged could have been the direct and proximate cause of the injury, even if the icy condition was also a proximate cause, and such condition might have been an additional reason for care in providing a sufficient number of men to handle it.

6. *Same; Fellow Servant; Concurring Negligence of Master and Fellow Servant.*—Where the alleged negligence was failure to provide a sufficient number of men to handle the timber which caused the injury, and there was evidence tending to show that the negligence of a fellow servant was the proximate cause of the injury, an instruction that if the injury resulted proximately from the negligence of the fellow servant, then, even if the defendant was negligent in not having enough men present to handle the timber, the jury should find for the defendant, correctly stated the law and should have been given.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Squire Thomas Vail against the Alabama Great Southern Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

For the count on which this case was tried, the demurrers thereto, and the salient facts reference is made to the former report of the case.—*A. G. S. R. Co. v. Vail,* 142 Ala. 134, 38 South. 124, 110 Am. St. Rep. 23. The trial was had on the first count, as in the former suit. The first objection to testimony is that the paintiff was permitted to be asked how the other empoyes got about their work, and his answer thereto was that "that fellow James Green was a kind of slow fellow." Appellant's objection was overruled to question asked witness Mitchell as follows: "State whether or not, in your opinion, any more men would be required for unloading the car of timber of this character, if the timbers had ice on them and the car had ice on it," and his answer, "Yes, sir; it would require more men." It had been previously shown that Mose Mitchell had had experience in unloading heavy timber from railroad cars under ordinary con-

ditions; but there was no proof that he had any experience in unloading heavy timbers from cars where the timber and cars had ice thereon, and it was shown that his experience in unloading timber for this particular defendant was had prior to the time when Miller took charge of that particular work. Objection was also made by appellant, and overruled, to the question propounded to Mitchell as follows: "Well, in your opinion, how many men would it take to handle these timbers when they had ice on them?" An objection of appellee was sustained by the court to the following questions asked the witness McCaar: "What kind of timber was it?" "Was the one that showed it to you one of those working around the car there when the accident happened?" "I will ask you whether or not some of the hands at work there pointed out the piece of timber." "What was the size of that piece of timber?" The appellant also objected to the following question asked Mose Mitchell: "How many men did the Alabama Great Southern Railroad customarily use inside the car to unload the class of timber that we inquired about awhile ago?".

The following charges were requested by defendant and refused: "(10) If the jury believe from the evidence that the timber slipped or fell and struck the foot of the plaintiff by reason of ice being on the car or on the timber, and that this was the proximate cause of the injury, then they must find a verdict for the railroad company. (11) If the jury believe from the evidence that the injury to plaintiff resulted proximately from the negligence of James Green, then, even if the defendant was negligent in not having enough men present to handle the timber, they must find a verdict for the railroad. (12) The court charges the jury that in this case they cannot assess any damages for plaintiff for any future loss he may sustain by reason of his injuries."

[Alabama Great Southern R. R. Co. v. Vail.]

A. G. & E. D. SMITH, for appellant. Counsel discuss assignment of error as to pleading but without citation of authority. They insist that the court erred in refusing charge 11.—*Western Ry. of Ala. v. Mutch,* 97 Ala. 194; *Stanton v. R. R. Co.,* 91 Ala. 382; *L. & N. v. Kelcey,* 89 Ala. 287; *Thompson v. L. & N.,* 91 Ala. 500; *L. & N. v. Quick,* 125 Ala. 553; *A. G. S. v. Vail,* 142 Ala. 134. The court erred in refusing charge 12.—*L. & N. v. Orr,* 91 Ala. 548; *L. & N. v. Person,* 97 Ala. 211; *Seaboard Mfg. Co. v. Woodson,* 98 Ala. 378; *Bir. S. R. R. Co. v. Minter,* 141 Ala. 420.

NATHAN L. MILLER, for appellee. Physical and mental attributes and the disposition with which a servant performs his duties go to determine his competency and the compentency of those employed tend to determine how many should be put at a particular piece of work. —48 L. R. A. 373, note 122 N. Y. 557. The appellant owed appellee the duty to furnish the number of men which were usual and customary in that business.—26 Cyc. 1202; *Holland v. T. C. I. Co.,* 91 Ala. 451; *L. & N. v.* 91 Ala. 494; *G. P. Ry. Co. v. Propst,* 90 Ala. 1. The court did not err in refusing charges 11 and 12.—*Grand Trunk Ry. Co. v. Cummings* 106 U. S. 7000, 702 27 L. ed. 267; Labat on Master and Servant, Secs. 813 & 814, with extended notes citing a large number of authorities including some of the following: *McGregor v. Reid M. & Co.* 178 Ill. 464, 53 N. E. 323; *Craig v. Chicago & A. R. Co.,* 54 Mo. App. 523; *Stringham v. Stewart,* 100 N. Y. 516, 3 N. E. 575; *Maupin v. Texas & P. R. Co.,* 40 C. C. A. 234, 99 Fed. 49; *Norfolk & W. R. Co. v. Nickols,* 91 Va. 193, 21 S. E. 342; *McMahan v. Davidson,* 12 Minn. 357, 26 Cyc. 1094, 1226, 1202, 1302; 16 L. R. A. 819, and note; 59 L. R. A. 596; *L. & N. v. Davis,* 91 Ala. 494; *G. P. Ry. Co. v. Propst,* 90 Ala. 1.

25 C

DOWDELL, J.—This is the second appeal in this case.—*Ala. Great Southern R. R. Co. v. Vail*, 142 Ala. 134, 38 South. 124, 110 Am. St. Rep. 23.   The case at the last trial went to the jury upon issues made up on the first, fourth, fifth, ninth, and tenth counts of the complaint as amended; the other counts having been eliminated by rulings of the court on demurrers.   The questions presented on the present appeal arise out of the rulings of the lower court on the introduction of evidence and the refusal of the court to give certain written charges requested by the defendant.   At the conclusion of the evidence the court gave the general charge in favor of the defendant as to all of the counts except the first.

The ruling of the court on objections to the plaintiff's testimony as to how the work was done, and that James Green, a fellow servant of the plaintiff, "was a kind of slow felow," was free from error.   At the time this evidence was offered, the fourth count of the complaint, with the issues presented by this count, was before the jury.   One of the issues presented was the incompetency of the said James Green, and this evidence on that issue was relevant and competent.

The witness Mose Mitchell was shown to be an expert as to the matters inquired about of him, and the objections, therefore, as shown by the record, were properly overruled.

The evidence of the defendant's witness D. M. McCallar, to which plaintiff's objection was sustained, was properly excluded.   His identification and description of the piece of timber, from what some one else told him as being the piece that fell upon the plaintiff, was inadmissible, without the accompanying testimony of such other person who had actual knowledge of the fact, and that it was the piece of timber pointed out to the witness McCallar.

Under the issue presented by the first count evidence as to the number of men the defendant customarily used inside the car in unloading the class of timber being unloaded when the plaintiff was injured was relevant and admissible.

This brings us to the consideration of the written charges refused to the defendant. As stated above, when the evidence was concluded, the court gave the general charge in favor of the defendant as to all of the counts except the first. The tenth charge requested by the defendant was properly refused. The negligence alleged in the first count was the failure to provide a sufficient number of hands to unload the timber from the car. The facts hypothesized in the charge as to the icy condition of the timber, and of its slipping and falling by reason thereof, and proximately causing the injury complained of, might all have been true, and still the injury could have been the direct and proximate result of the alleged negligence. The icy condition of the timber might well have been an additional reason for care on the part of the master in providing a sufficient number of men in unloading the car.

In the refusal of the eleventh charge we think the trial court committed error. If the negligence of James Green proximately caused the injury, then the negligence charged in the first count, if a cause at all, was a remote cause. It is not a case, as contended by counsel for appellee, of two concurring causes producing an injury. The negligent act of James Green was an independent intervening cause, wholly disconnected from the negligence averred in the count of a failure to provide a sufficient number of men. There was evidence which tended to show that the negligence of James Green was the proximate cause of the injury. For cases discussing the question of proximate and remote

causes of injury, see the following, which we think are authorities for holding the charge requested to be a good charge: *Western Ry. of Ala. v. Mutch,* 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; *Stanton v. R. R. Co.,* 91 Ala. 382, --South. 798; *L. & N. R. R. Co. v. Kelsey,* 89 Ala. 287, 7 South. 648; *Thompson v. L. & N. R. R. Co.,* 91 Ala. 500, 8 South. 406, 11 L. R. A. 146; *L. & N. R. R. Co. v. Quick,* 125 Ala. 553, 28 South. 14.

There was evidence from which the jury were author- ized to find that the injury to the plaintiff was perma- nent in its effects; and hence charge 12, requested by the defendant, was properly refused.

For the error pointed out, the judgment is reversed, and the cause remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.