160 So. 718

## ROBERTS v. DAVIS.
5 Div. 199.

Supreme Court of Alabama.
April 11, 1935.

James W. Strother, of Dadeville, for appellant.

Albert Hooton and Paul M. Page, both of Dadeville, for appellee.

BOULDIN, Justice.

In statutory action of detinue, a plea of the general issue admits possession and puts in issue the plaintiff's title. Code, § 7404; Carlisle v. People's Bank, 122 Ala. 446, 26 So. 115.

The statutory suggestion by defendant that plaintiff claims title under a mortgage, and requiring a finding of the amount of the mortgage debt, is not to be deemed a waiver of a plea of the general issue in short by consent. Nothing in our statute prevents the trial of both issues at the same time.

The plea of the general issue puts the burden of proof on the plaintiff to show the execution of the mortgage under which he claims title and right to possession.

Code, § 9471, rendering instruments, "the foundation of the suit," admissible in the absence of a sworn plea denying execution has no application to suits in detinue, wherein title is to be proven by a mortgage or other writing. Askew Brothers v. Steiner & Lobman, 76 Ala. 218.

The defendant, mortgagor, died pending the suit, and the cause was revived against his personal representative.

In meeting the burden of proof above outlined, the plaintiff introduced the direct testimony of Mrs. Roberts to the execution of the mortgage. The defendant introduced evidence tending to show the alleged mortgagor was

not at the place where the instrument was alleged to have been executed on the day and hour stated in the evidence for plaintiff.

■ Plaintiff offered to testify as a witness that the mortgagor, since deceased, had testified to the execution of this mortgage on a trial of another suit.

The trial court sustained defendant's objection to this testimony. This was error. The ruling is sought to be justified on the authority of Sledge et al. v. Singley et al., 139 Ala. 346, 37 So. 98, holding the execution of the deed there involved could not be proven by the admissions of the maker.

That case was construing section 7704 of the Code, modifying the best evidence rule of the common law, so as to permit proof of execution by the testimony of the maker in open court, although attested by witnesses, not shown to be unavailable. The case merely holds the admission of the maker out of court does not meet the requirements of this statute.

In the case before us, there was no attesting witness. The sworn admission of execution by the deceased mortgagor was admissible under general rules of evidence.

■ The question is also raised that the plaintiff was incompetent to testify to such matter under Code, § 7721. If the evidence related to a statement or transaction between persons, it seems clear the plaintiff would be incompetent under this statute.

But we have held the inhibition of the statute does not extend to statements made by deceased as a witness in public judicial proceedings; that a party may testify to such statements as any other witness. Tutwiler v. Burns, 160 Ala. 386, 49 So. 455. See, also, Borum, Guardian, v. Bell, Adm'r, 132 Ala. 85, 31 So. 454; Wood, Ex'x, v. Brewer & Brewer, 73 Ala. 259; Miller, Adm'r, v. Cannon & Co., 84 Ala. 59, 4 So. 204; Davis v. Tarver, 65 Ala. 98, 99; Tisdale, Ex'r, v. Maxwell, 58 Ala. 40.

Some expert evidence was offered by plaintiff tending to show the signature to this mortgage was by the same hand as signatures to other documents proven or admitted to be the genuine signatures of the alleged mortgagor.

In qualifying expert witnesses, the trial court took the view that the witness must have studied comparison of handwritings as an art, or science, as distinguished from practical experience in course of business.

■ Trial courts are accorded rather wide discretion in passing upon the qualification of a witness to testify as an expert. But if discretion is misguided by an error of law as to who is an expert, his finding is subject to review, just as in case of abuse of discretion.

■ A study of handwriting as a specialty is not essential. If one's business is of that class which constantly, or very frequently, requires him in the usual course of business to observe and pass upon the verity of signatures, or writings; and this has been continued for many years, or such length of time as appears sufficient for him to become reasonably proficient in such matters, he is qualified to give expert testimony, to be accorded such weight, as, in the light of all the circumstances, the jury deems just. Kirby v. Brooks et al., 215 Ala. 507, 111 So. 235; Alabama Great Southern R. Co. v. Vail, 155 Ala. 382, 46 So. 587; 22 C. J., page 523.

■ The witness, W. W. Hicks, so far as his examination went, did not clearly disclose his competency as an expert in comparing signatures. Probably, his acceptance or rejection as an expert witness would have been considered as within the discretion of the court. But the course of examination, directed by the court, was faulty. Witness said he had forty years' experience in dealing with the public, considering and comparing many signatures to deeds, checks, notes, orders, etc. The extent and nature of this business experience, rather than whether it was different in character from that of other business men, was the proper inquiry. This was rather cut off by rulings on questions designed to draw out such information, the court insisting on the study of signatures as something of an art.

Many assignments of error are presented and argued. Some are manifestly without merit; some cured by later rulings, but we fear confusing the jury as to what was really to be considered. Still other questions will probably not arise on another trial. Without treating them in detail, we are impressed from the whole record the cause should be retried.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.