183 So. 855

### KELLEY v. LOVETT.

#### 6 Div. 360.

Supreme Court of Alabama.

June 30, 1938.

Rehearing Granted Oct. 6, 1938.

Thos. J. Carey, of Haleyville, for appellant.

J. A. Posey, of Haleyville, for appellee.

FOSTER, Justice.

This is a trial of the right to one hundred bushels of corn and a wagon, under section 10375, Code. An execution in favor of appellee and against W. H. Mayfield was levied on the property, and appellant, who was the mother of defendant in execution, made claim to it. The trial of that claim was by a jury, and resulted in a verdict for the plaintiff on the issue made up under the direction of the court.

The assignments of error go to the refusal of the affirmative charge for appellant (which we do not find in the record), and overruling the motion for a new trial.

■ If the affirmative charge was due to be given for appellant, though not requested, because the evidence was insufficient to justify a verdict for plaintiff, the motion for a new trial should have been granted on that ground. But the evidence showed that defendant was in possession of the property when the levy was made. There is much evidence tending to show that it was his own, and not that of his mother, the claimant. On this point there was much conflict, by reason of which the jury was justified in finding as they did.

The trial was had on well settled rules in that respect. See City Holding Co. v. Hosch, 220 Ala. 113, 124 So. 291.

The motion for a new trial was also based upon the alleged relation of two jurors, Weaver and Watts, to the deceased wife of plaintiff having children then living. Only one of the jurors, Weaver, testified, and he said: "I did not know I was related. I do know it now and I don't know it, only what I have been told." Thereupon the following proceedings took place:

"By the Court: Who does the claimant claim this witness is related to?

"By Mr. Carey, Attorney for claimant: To the plaintiff's deceased wife.

"By the Court: The plaintiff's wife is dead?

"By Mr. Carey: Yes, sir.

"By the Court: You claim the juror was related to the plaintiff's wife and, therefore, is related to the plaintiff by marriage?

"By Mr. Carey: Yes, sir.

"By the Court: But the plaintiff's wife was dead at the time of the trial?

"By Mr. Carey: But they have children.

"By the Court: Well, does that make them related? Watts was one of the jurors, who was he related to?

"By Mr. Carey: The wife of Watts is a granddaughter of the half brother to the mother of the plaintiff's former wife.

"By the Court: And the wife of Watts is now dead?

"By Mr. Carey: Yes, sir."

We do not understand that the statements thus made by counsel were intended to be more than information in response to inquiries by the court as to what he claimed, not that he had personal knowledge of the relation or that his statement was intended and received as proof.

■ The court's refusal to set aside the verdict on that ground could well be sustained on account of an absence of

proof of such relation. Other questions in that connection do not therefore need consideration. No other questions are insisted on for reversal.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

## On Rehearing.

FOSTER, Justice.

It is now brought to our attention for the first time that the judgment in this case is irregular and should be corrected.

It is a claim suit based on an execution. The judgment is against the claimant and dismisses the claim, and adjudges that claimant and the sureties on her appeal bond pay the costs of the claim suit, and that plaintiff have and recover of the claimant and said sureties the property sued for or the alternate value thereof, which is itemized and the value of each item given.

The trial was had first in a justice court resulting in judgment for plaintiff. The claimant had made the usual claim bond and affidavit. Thereupon she sued out a statutory certiorari for the removal of the cause for trial de novo in the circuit court. This was ordered, and she gave another bond conditioned to prosecute the certiorari to effect and pay and satisfy the judgment which might be rendered against her in said court. Section 8778, Code. The judgment in the circuit court against her for the costs was also rendered against the sureties on her appeal bond. This evidently means the certiorari bond, and was justified by section 8789, Code. See, Minchener v. Robinson, 169 Ala. 472, 53 So. 749.

It will be noted that this is not for costs against the sureties on the claim bond which would be improper as pointed out in Petree v. Wilson, 104 Ala. 157, 16 So. 143.

 But to the extent that the judgment went to plaintiff for the property sued for or the alternate value thereof, though regular in a detinue suit (section 7392, Code; Minchener v. Robinson, supra), it was irregular in a claim suit growing out of execution, and should be and is hereby corrected. The judgment in addition to the mandate to pay the cost by the claimant and the sureties (naming them) on her certiorari bond should mere-ly subject the property and condemn it (naming each item) to the satisfaction of the execution, and assess the value of each such item. Section 10377, Code; Parker v. Wimberly, 78 Ala. 64; Kennon v. Adams, 100 Ala. 288, 14 So. 15; Ramey v. Peeples Grocery Co., 108 Ala. 476, 18 So. 805; 9 Alabama Digest 610, Execution ⬤201.

The failure to deliver the property pursuant to the requirements of the claim bond, and of section 10378, Code, is taken care of by them, but there is no necessity so to recite in the judgment. The irregularity does not cause a reversal of the judgment but merely calls for a modification of it. Parker v. Wimberly, supra.

The rehearing is granted; the judgment of the circuit court is modified as here indicated, and as modified is affirmed.

Rehearing granted: judgment modified and affirmed.