46 So.2d 811

### TRAVIS et al. v. MERRILL et al.
#### 4 Div. 582.

Supreme Court of Alabama.
May 15, 1950.

Rehearing Denied June 22. 1950.

E. O. Baldwin, of Andalusia, for appellants.

Murphy & Murphy and Frank J. Tipler, Jr., of Andalusia, for appellees.

SIMPSON, Justice.

This appeal is from a final decree granting relief prayed for in the bill on a hearing of the witnesses ore tenus before the trial court.

The case was here before on appeal from an interlocutory decree on demurrer, where it was held that the facts as alleged warranted equitable relief. Since there was competent evidence to support the essential allegations of the bill, which it was within the province of the trial court to credit, we deem it proper to only deal with the present appeal briefly by making reference to the applicable principles of law pronounced in the first case. That case is reported as Merrill v. Travis, 248 Ala. 42, 26 So.2d 258.

The issue between the parties arose out of conflicting liens on a Pontiac automobile sold by appellees, E. R. Merrill, J. I. Merrill and J. M. Merrill, a partnership doing business under the name of Covington Motors, to one Armstrong under a conditional sale contract executed by Armstrong to them February 25, 1939. Appellant Travis' claim was under a mortgage on the automobile held by him, executed by Armstrong under date of October 10, 1939.

The facts established to sustain the essentials of the bill were: Appellant Travis (under his right as owner of the mortgage) sued Armstrong in detinue for the recovery of the automobile and two days later amended his complaint by making appellees Merrill parties defendant. Writ of seizure was issued and was duly returned by the sheriff showing that he had seized the automobile by taking it from the possession of appellees, to wit, December 30, 1939. On January 5, 1940, a replevin bond was approved with Armstrong as principal and appellees Merrill as sureties while they were still parties defendant. On March 4, 1940, plaintiff (appellant here) amended his complaint by striking appellees Merrill as parties defendant to the detinue suit and on November 22, 1943, obtained judgment against Armstrong, making proof that he, Armstrong, was in possession of the suit property when suit was begun, whereas the sheriff's return showed that the appellees were in possession of the property at the time of seizure and the proof in line with the allegations of the instant bill showed that the appellees were in fact in possession of the automobile when the detinue suit was instituted, having repossessed it from the said Armstrong under their conditional sale contract in August of 1939. When Travis took the detinue judgment against Armstrong, no proof was made as to the amount of his mortgage debt, nor was there any suggestion of any third party claimant or lien holder, as provided under § 929, Title 7, Code. The value of the property was adjudicated to be $550 and after the taking of the said detinue judgment, the replevin bond executed by Armstrong as principal and the Merrills as sureties was forfeited and appellees Merrill were forced to pay the amount of the judgment ($550) and costs of suit.

The purpose of the instant suit, *inter alia*, was for a reference to ascertain the amount actually due appellant Travis under the Armstrong mortgage and also the amount due appellees Merrill under the conditional sale contract and to require the said Travis to pay over to them the dif-

ference between the amount of his mortgage and the amount he received under the $550 judgment.

On a hearing the trial court granted relief under the bill and adjudged and decreed that the difference in the amount of the mortgage debt from Armstrong to Travis and the sum received by Travis from the detinue suit to be $371.45 and ordered a recovery of the appellant Travis for the said amount by the appellees. It is from this decree that this appeal has proceeded.

There are no new points of law presented to us for consideration, but the same propositions of law as were advanced on the former appeal, and we are not disposed to recede from the former holding. The hearing, as stated, was ore tenus before the court and the essentials for recovery were well supported by the evidence, and in view of the usual presumption obtaining in such cases the decree is due to be affirmed.

The following from the holding on the first appeal will suffice to illustrate our conclusion that the decree is due to be affirmed: "The theory which supports the contention of appellants [appellees here] is by virtue of the principle of sections 932 and 933, Title 7, Code, whereby one not a party defendant in a detinue suit who claims the property may on his own initiative, as by section 932, supra, or on that of defendant as in section 933, supra, appear and set up his claim. He was denied the benefit of this privilege by making him a party defendant and then striking him as such after defendant made replevin bond. As a party defendant he could assert and show that he owned the property and had possession of it and title to it at the time suit was begun. If he had not been made a party he could have appeared under section 932, supra, unless defendant made a replevin bond in five days. The replevin bond which was made seems to have been approved on the sixth day after the seizure of the property as shown by the return of the sheriff. But regardless of that status, appellants [Merrills] were parties when the bond was made and could not make claim under section 932, supra, but had a right to assume that they could show their claim because they were parties and without the benefit of section 932, supra, and they could, in the alternative, have seen to it that defendant made use of section 929, Title 7, Code, by having his mortgage debt ascertained. Roberts v. Davis, 230 Ala. 272, 160 So. 718. Equity will not permit them to be deprived of that right by plaintiff by having them stricken as parties defendant, after the defendant had made a replevin bond with them as sureties, especially when executed under a mistaken belief as to its effect. Moore v. Tate, 114 Ala. 582, 21 So. 820; Orr v. Echols, 119 Ala. 340, 24 So. 357; Floyd v. Andress, 246 Ala. 301, 20 So.2d 331. Equity will permit them now to assert their claim on account of the procedure adopted in this case. Woodruff v. Stough, supra [107 Ala. 314, 18 So. 258]." 248 Ala. 45, 26 So.2d 260.

Affirmed.

FOSTER, LIVINGSTON, and STAKELY, JJ., concur.