52 So.2d 691

**TRAVIS v. MERRILL et al.**

**4 Div. 615.**

Supreme Court of Alabama.

May 24, 1951.

E. O. Baldwin, Andalusia, for petitioner.

Murphy & Murphy and Frank J. Tipler, Jr., Andalusia, for respondents.

612

STAKELY, Justice.

This is the third time that this case has been before this court. For a complete understanding of the situation reference is made to the decision of this court in Merrill v. Travis, 248 Ala. 42, 26 So.2d 258, and to the decision of this court in Travis v. Merrill, 254 Ala. 64, 46 So.2d 811.

The suit is a suit in equity for an accounting and the first of the foregoing decisions was rendered on appeal from a decree on the demurrer to the bill. The second decision was on appeal from a final decree on the merits.

A brief statement of some of the salient facts as shown by the last cited decision will be made as follows. The issue between the parties arose out of conflicting liens on an automobile sold by E. R. Merrill, J. I. Merrill and J. M. Merrill, a partnership doing business under the name of Covington Motors, to one Armstrong under a conditional sale contract executed by Armstrong to them February 25, 1939. The claim of H. A. Travis, appellant in the last cited case, was under a mortgage on the car executed by Armstrong on October 10, 1939.

H. A. Travis sued Armstrong in detinue for the recovery of the automobile and amended his complaint by making the Merrills parties defendant. Writ of seizure was issued and was duly returned by the sheriff showing that he had seized the car by taking it from the possession of the Merrills on December 30, 1939. On January 5, 1940, a replevin bond was approved with Armstrong as principal and the Merrills as sureties, while they were still parties defendant. On March 4, 1940 H. A. Travis amended his complaint by striking the Merrills as parties defendant to the detinue suit and on November 22, 1943 obtained judgment against Armstrong, making proof in that case that Armstrong was in possession of the car when the suit be-

gan, although the sheriff's return showed that the Merrills were in possession of the car at the time of the seizure.

The proof in the trial of this case in the equity court further showed that the Merrills were in possession of the car when the detinue suit was instituted having repossessed it from Armstrong under their conditional sale contract in August 1939.

The present proceeding brings the case to this court for the third time. It is a petition to this court filed by H. A. Travis seeking leave of this court to file a motion in the Circuit Court of Covington County, Alabama, for a writ of error coram nobis on the ground that the decree of the Circuit Court of Covington County, in Equity, was rendered on false testimony. The decree sought to be reviewed is the final decree from which the second appeal to this court was taken. It is sought in the present proceeding to show that W. H. Armstrong was in possession of the car at the time H. A. Travis filed his detinue suit in the Circuit Court of Covington County, Alabama. This obviously would be contrary to the proof in the equity suit, on which the court based its decree, which showed that the Merrills were in possession of the car at the time the aforesaid detinue suit was filed.

As pointed out the decree which is here sought to be impeached is a final decree in equity. A writ of error coram nobis is a common law writ and has no place in chancery procedure. Snodgrass v. Snodgrass, 212 Ala. 74, 101 So. 837; 49 C.J.S., Judgments, § 290, p. 563. But the present petition has a prayer for general relief and if on the allegations of the present petition it appears that the petitioner is probably entitled to relief in some other appropriate procedure, we should even though he is not entitled to a writ of error coram nobis, allow the petitioner so to proceed. The petitioner seeks to impeach a final decree in equity on the ground of newly discovered evidence going to show that the proof made in the equity suit as to possession of the car at the time the detinue suit was instituted, is false.

Should we allow the petitioner to file a bill of review? The proof now offered is merely cumulative of the proof which was offered on an issue which was tried in the equity suit, viz. possession of the car at the time the detinue suit was instituted. Furthermore we are not satisfied that proper diligence to discover the new testimony has been shown. Under these circumstances the petition should not be granted. McDougald's Adm'r v. Dougherty, 39 Ala. 409; Ex parte Stanley, ante, p. 95, 50 So. 2d 242.

The petition is denied.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.