# Chancy *v.* Thweatt.

*Petition for Supersedeas of Execution on Probate Decree.*

1. *Execution on probate decree against guardian and sureties, in favor of succeeding guardian who was surety on former bond.*—An execution issued on a probate decree against a guardian and his sureties, on final settlement of his accounts, will not be superseded and quashed at the instance of the sureties, because the plaintiff in the decree, who was successor to the former guardian, was a surety on the first bond, and a balance was ascertained to be in the guardian's hands on a partial settlement made before his release and discharge.

APPEAL from the Probate Court of Pike.
Heard before the Hon. WM. J. HILLIARD.

WATTS & SON, for appellant.

CLOPTON, J.—The object of this proceeding, which is instituted by appellant, is to supersede and quash an execution issued on a decree rendered by the Probate Court on the final settlement of Thomas McCullough, as guardian of Gussie Baldwin, a minor. The proceeding is based on the alleged liability of the plaintiff in the decree, and execution for the amount thereof, by reason of having become a surety on the bond made by McCullough when he was first appointed guardian, in November, 1876. Thweatt, in May, 1883, on application in writing, verified by affidavit, expressed his unwillingness to remain longer bound as such surety; and thereupon McCullough, on notice of the application, appeared in court, waived an order requiring him to give a new or additional bond, and filed a bond with D. L. Osborne and appellant as sureties, which was approved and accepted by the court, and, with the proceedings, ordered to be recorded. On June 1st, 1889, the ward, being then over fourteen years of age, nominated Thweatt as her guardian. Thereupon, McCullough made a final settlement of his guardianship, on which a decree was rendered, August 12th, 1889, against him, in favor of Thweatt as guardian, for the amount ascertained to be due the ward. On this decree the execution sought to be quashed was issued against McCullough and his sureties on the new or additional bond.

The statutes provide that, after examination of the vouchers,

[Chancy v. Thweatt.]

and the audit and statement of the accounts of the guardian, the court must render a decree passing the same, and declaring the amount due the ward; and that all final decrees rendered against a guardian on a final settlement have the force and effect of a judgment at law, on which execution may issue against the guardian and his sureties, whether such settlement is voluntary or involuntary.—Code, §§ 2463, 2464. In such case, the execution against the sureties is not founded upon any judgment or decree against *them*, but upon the decree against their principal, and the bond signed by them as his sureties.—*Smith v. Jackson*, 56 Ala. 25. The decree and execution are in strict conformity to the provisions of the statutes; their regularity and validity are not, and can not be questioned. It is true that, on an annual settlement made by McCullough while Thweatt was a surety on his first bond, May 9, 1881, the court declared that there was in his hands as guardian the sum of $467.39; and on annual settlement in September, 1884, after the execution of the new or additional bond, the same sum, with interest thereon, was ascertained to be in the hands of the guardian. Undoubtedly, Thweatt, as a surety on the first bond given by McCullough, which was in force when this amount was received by him, is liable to the ward therefor, unless it is shown to have been properly and legally disbursed by the guardian, or was in his hands at the time of giving the second bond. Whether or not liable, it is unnecessary to decide at this time. If the liability be conceded, it furnished no ground for quashing an execution issued against the sureties on the subsequent bond, on a valid and regular decree against their principal, which is conclusive as to the amount due. After the rendition of the decree, the liability of the plaintiff in the decree can not be set up to defeat the enforcement of its collection from parties who are certainly bound. Also, it may be observed, the record discloses that the guardian received moneys due the ward after the new bond was given, which are included in the decree, and for which the sureties on the first bond are not liable. The decree being an entirety, an execution can not be issued for a part only, even though the plaintiff could be held responsible for a portion of the judgment by a direct proceeding on the first bond at the instance of the ward.—*Hamner v. Mason*, 24 Ala. 480.

Affirmed.