# Orr, Scroggins & Hume v. Echols.

*Bill in Equity to Cancel a Conveyance as Fraudulent, and Cross-Bill to Reform the Conveyance as to the Consideration Recited Therein.*

1. *Reformation of instrument on ground of mistake in the legal import of terms used; rule stated.*—When an instrument speaks.

[Orr, Scroggins & Hume v. Echols.]

the true agreement between the parties, equity will not reform it because one or both of them may have mistaken its legal consequences; but when the legal effect of the terms agreed upon by the parties to be employed in a written instrument, through a misapprehension or ignorance of their import, results in a contract different from that really entered into by them, the court of equity in the exercise of its moral jurisdiction, will reform it.

2. *Reformation to show true character of consideration.*—A conveyance reciting a consideration of natural love and affection and one dollar, may, by proper pleading and proof, be reformed so as to show a valuable consideration, such as the payment of an antecedent debt; and this relief may be granted on a crossbill in a cause instituted by creditors to cancel the conveyance as voluntary and fraudulent.

APPEAL from Madison Chancery Court.

Tried before Hon. WM. H. SIMPSON.

The bill in this case was filed by the appellants, Orr, Scroggins & Hume, on the 8th December, 1893, against the appellees, Echols *et al.;* its object being to have set aside two certain deeds made by defendant, A. Ewing Echols, to his wife and co-defendant, Daisy Echols, made, the one, on the 1st, and the other on the 10th June, 1893. The bill alleges that the firm of Echols & Sheffey, of which defendant, A. Ewing Echols, was a member, and for the debts of which he was individually liable, was indebted to complainants in the sum of $845.16; that $173.41 of that indebtedness was contracted in March, 1893, prior to the execution of said deeds in June following, and the remainder—$671.45—was contracted after said deeds were filed for record; that said firm and each individual member thereof had no property subject to execution at law; that the real estate conveyed was worth $20,000; that said A. Ewing Echols intended, when said deeds were executed, that his said firm should incur the indebtedness for the payment of which the property conveyed was sought by the bill to be condemned; that complainants had no notice of the execution of said deeds when said indebtedness was contracted with them; and that said deeds "were executed by said Echols, for the purpose of hindering, delaying and defrauding the creditors of said firm of Echols & Sheffey." A demurrer was interposed by defendants below to the bill, which was overruled, and on appeal to

this court, the decree of the lower court was affirmed. *Echols v. Orr*, 106 Ala. 237. After this, on return of the cause to the court below, the appellee filed answers, in which the allegations of fraud in the bill were specifically denied, and Daisy Echols made her answer a cross-bill under the statute. The said deeds, each purported to have been made on the consideration of "love and affection, and the sum of one dollar." As to this recital the cross-bill alleged, that "said recitation (of a consideration) was placed therein by said A. Ewing Echols, her husband, by mistake, and without the knowledge and consent of this respondent. Said deeds were both drawn up and prepared by A. Ewing Echols alone, without the aid or assistance of a lawyer or legal advice, and neither the said A. Ewing Echols nor respondent was a lawyer, or acquainted with the forms of law or of conveyances, and both he and the respondent were entirely ignorant of the legal construction of such instruments and the recitations therein. Neither of said deeds recites the true consideration upon which they were made. The true consideration thereof was the part payment of a past due indebtedness of over $3,386, which was justly owing to respondent by said A. Ewing Echols, formerly loaned to him by her, which loan was evidenced by two promissory notes of Echols to respondent, one bearing date June 15th, 1888, for $2,750, and the other for $636, dated August 1, 1888, both payable to respondent on demand, and both bearing 8 per cent. interest from date. Both of said notes are now in respondent's possession, having never been paid in full, and on said note for $2,750, said A. Ewing Echols is given credit for the value of said land in Alabama and Mississippi so conveyed to respondent, as well as for $200 paid thereon March 22, 1889, and $631 paid thereon about 15th September, 1889. * * * Said money was loaned by respondent to her said husband, and his said notes executed to her therefor long prior to the time when he embarked in business as a member of the firm of Echols & Sheffey, and long prior to the creation of any debts by them to complainants. Said indebtedness was honest, *bona fide*, just, true and correct, and the lands and interest in lands conveyed to her by said deeds were not worth the amount due on said note, and said lands and interest thereon, together with

certain other lands in Mississippi (which were conveyed to respondent by separate deed) were accepted by her under said conveyances solely for the honest purpose of obtaining payment of said debt, so far as said property was sufficient therefor, and solely in consideration thereof, as was mutually understood at the time by the respondent and said A. Ewing Echols, and all of the lands so received by her under said conveyance were not equal in value to the amount of said indebtedness of said A. Ewing Echols to her. Respondent does not remember that her attention was ever called to, or that she ever noticed or knew of said misrecital in said deeds in regard to the consideration thereof, until long after she had accepted the same, and not until the bill in this case attacking the same was filed," etc. The cross-bill concludes with a prayer, that said deeds be reformed so as to state the true consideration thereof as alleged and set forth, and for general relief. The complainants demurred to the cross-bill on grounds, substantially, that it sought the reformation of said deeds in a controversy between strangers, on account of a mistake of law; that it did not show what was the intention of the parties to the said deeds, nor what was the agreement between them; that it did not show at what price the vendee agreed to take the land from the vendor; that it sought reformation by striking out the consideration stated, yet fails to aver the consideration to be inserted, and that it failed to show that the mistake was mutual, etc. The chancellor overruled the demurrer, and the cause having been submitted on the pleadings and evidence taken and noted, rendered a decree reforming the said deeds as prayed for in the cross-bill, and denying any relief on the original bill, and dismissed it out of court. From this decree the complainants appeal, and assign the rendition thereof as error.

SHELBY & PLEASANTS, for appellants.—The mistake sought to be corrected was a pure mistake of law, and no fraud, imposition, undue influence, or imbecility of mind is shown by the cross-bill.—*Guynn v. Hamilton*, 29 Ala. 233; *Dill v. Shahan*, 25 Ala. 702. It seeks a reformation of the deeds by striking out the consideration stated and fails to aver the consideration to the inserted.—*Alexander v. Campbell*, 55 Ala. 517; *Campbell v. Hatchett*, 55

, Ala. 548; *Turner v. Kelly,* 70 Ala. 86; *Gilmartin v. Urqu-
hart,* 82 Ala. 570; 15 Am. & Eng. Encyc. of Law, 628-32.
By the filing of their bill, complainants acquired a lien;
the parties cannot be placed in *statu quo;* and equity will
not assist one creditor against another where the equi-
ties are equal.—*Evans v. Welch,* 63 Ala. 250; *Anderson
v. Tydings,* 63 Am. Dec. 709; 15 Am. & Eng. Encyc. of
Law, 627-8; *Grymes v. Sanders,* 93 U. S. 55. As to
rights of antecedent and subsequent creditors, see, *Ech-
ols v. Orr, Scroggins & Hume,* 106 Ala. 237; *Echols v.
Purring Bros. et al.,* 18 So. 250. Fraudulent conveyance
generally.—Waite on Fraudulent Conveyance, p. 156,
§97 *et seq.;* 8 Am. & Eng. Encyc. of Law, 751-2; *Day v.
Colley,* 118 Mass. 527; *Seals v. Robinson,* 75 Ala. 363;
*Stoutz v. Huger,* 107 Ala. 248.

HUMES, SHEFFEY & SPEAKE, *contra.*—The equity of
the cross-bill, and the decree of the chancellor in the
cause, is supported by the following authorities: *Berry
v. Sowell,* 72 Ala. 14; *Bailey v. Timberlake,* 74 Ala. 221;
*Earl v. Owens,* 68 Ala. 171; *Stone v. Hale,* 17 Ala. 557;
*Whitehead v. Brown,* 18 Ala. 682; *Fash v. Ravises,* 32
Ala. 451; *Williams v. Hatch,* 38 Ala. 338; 14 Am. & Eng.
Encyc. of Law, 592; *McMillan v. Peacock,* 57 Ala. 127.

HARALSON, J.—(After stating the case as above.)
We find nothing to disapprove on the overruling of the
demurrer in this case. The intention and agreement of
the parties in the deeds sought to be reformed; the con-
sideration proposed to be stricken and the one to be in-
serted, and that the mistake was mutual, all plainly
enough appear; and as to whether it was such a mistake
in a written instrument as a court of equity will reform,
will also appear in what follows.

The rules for the reformation of a writing on account
of a mistake have been stated to be, "that when the in-
strument speaks the true agreement between the parties,
equity will not reform it because one or both of them
may have mistaken its legal consequences. * * *
When the legal effect of the terms agreed upon by the
parties to be employed in a written instrument, through
a misapprehension or ignorance of their import, results
in a contract different from that really entered into by
them, the court of equity, in the exercise of its moral

jurisdiction, will reform it."—*Moore v. Tate,* 114 Ala. 582, and authorities there cited.

Mr. Pomeroy, discussing the question, lays down the rule, sanctioned by a great array of authorities he cites, including the decisions of our own court, to be, that "If a written instrument fails to express the intention which the parties had in making the contract which it purports to contain, equity will grant relief, affirmative or defensive, although the failure may have resulted from a mistake as to the legal meaning and operation of the terms or language employed in the writing."—2 Pom. Eq. Jur. §845; 15 Am. & Eng. Encyc. of Law, 639; *Larkins v. Biddle,* 21 Ala. 252; *Hemphill v. Moody,* 64 Ala. 468; *Berry v. Sowell,* 72 Ala. 14.

The case last cited is strikingly analogous to the one in hand, and on the authority of which this bill seems to have been filed. There a deed which recited the consideration of natural love and affection by the grantor for the grantee, when its real consideration was valuable, was reformed so as to express the true consideration, the court holding that such reformation was proper, though the effect of the reformation was to make the equity of the party in whose favor the deed was reformed, superior to the lien of attaching creditors of the grantor, whether they had notice of complainant's equity or not. It is unnecessary to repeat here the argument there so well made, and the authorities cited to sustain the principle decided.—See, also, *Early v. Owens,* 68 Ala. 171; *Stone v. Hale,* 17 Ala. 557; *Bailey v. Timberlake,* 74 Ala. 224.

Upon the evidence in the case, the court below found and expressed the opinion, that the mutual intent of the grantor and grantee in said deeds sought to be reformed by the cross-bill was, that the lands therein and thereby conveyed were sold by A. E. Echols to his wife, Daisy, in part satisfaction of the notes of said A. E. Echols to her, and that the recital of the consideration of natural love and affection and one dollar was the result of ignorance or mistake on the part of the draftsman, as to the legal effect of such recital upon the rights of the grantee, and did not express the true intention of the parties. This conclusion seems to be fully sustained by the evidence.

The court also found, as to the alleged fraudulent character of said deeds to Mrs. Echols by her husband,

[Greene v. Dickson.]

that they were not voluntary, but were supported by a valuable and adequate consideration, with no benefit reserved to the grantor, and that the grantee had no knowledge of the failing condition of the firm of Echols & Sheffey, or of any fraudulent intent of the grantor in the execution of the same. The evidence to sustain this conclusion we deem entirely preponderating and satisfactory.

We find no error in the decree rendered in the cause, and it is

Affirmed.