GEORGE THORNE HILL, JR., vs. JANETTE LORD SMITH, ADMINISTRATRIX.

Third Judicial District, Bridgeport, October Term, 1920.
WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, JS.

On November 13th, 1917, the defendant's intestate agreed to sell certain real estate in Norwalk to the plaintiff, and to pay any taxes against the property which had accrued at the date of the transfer. Pursuant thereto, on November 30th, 1917, the vendor executed and delivered his deed, wherein he warranted that the premises were free from all incumbrances, and bound himself, his heirs and assigns to warrant and defend the property against all claims and demands whatsoever. Contemporaneously with the execution and delivery of this deed, the parties agreed in writing "that whereas" the grantor had placed $700 with a trust company "to answer for the payment of all taxes which may be a lien" upon the premises so conveyed, "now, therefore, we agree" that the vendor "shall pay all taxes up to December 1st, 1917" and the grantee "agrees to pay all taxes after December 1st, 1917." Held that this later agree-

Hill *v.* Smith.

ment, construed in the light of all the attendant and surrounding circumstances, was intended to be a final apportionment of the taxes, and to supersede all previous engagements relative to that subject, whether contained in the original contract of sale or in the warranty deed; and therefore that the plaintiff purchaser was bound to pay the taxes which accrued after December 1st, 1917, when he became the owner of the property, notwithstanding such taxes were then a lien upon the property under a provision of the city charter and the peculiar custom of Norwalk in laying taxes before the commencement of, rather than during, the fiscal year.

Argued November 4th—decided December 22d, 1920.

ACTION to recover sums paid as taxes by the plaintiff upon real estate purchased by him of the defendant's intestate, brought to and tried by the Court of Common Pleas in Fairfield County, *Walsh, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

On November 13th, 1917, the plaintiff and Edwin Everett Smith, the intestate, entered into the following agreement:—

"EXHIBIT B.

"Norwalk, Conn., November 13, 1917.

"Doctor Edwin Everett Smith:—

"I offer to purchase your place at Norwalk, Connecticut consisting of house, outbuildings and all appurtenances, together with approximately ten acres which go with it, on the following terms: I will assume $10,000 of the mortgage held by the Norwalk Savings Society to be applied to that part of your property which I will be acquiring, this mortgage to be at 5% and will personally go on the bond. In addition to this I will pay to you in cash the sum of $7,000, $500 now and $6,500 December 1, 1917, provided the title can be searched and all arrangements preliminary to the transfer of the property to me can be completed by that date—if not as soon thereafter as they can be but not later than January 2, 1918. Any charges, taxes, interest, water rent,

assessments or any other liabilities against the property which have accrued to the date of the transfer of the property to me, to be paid by you or satisfactory guarantee given me that they will be paid when due.

George Thorne Hill, Jr.

"I hereby accept the above offer, and acknowledge receipt of $500 on the above purchase—$5 cash and your check for $495.        Edwin Everett Smith.

"Witness, Horace E. Dann."

On November 30th, 1917, Edwin Everett Smith executed and delivered to the plaintiff a warranty deed of the premises referred to in Exhibit B, with warranty "that the same is free from all incumbrances whatsoever," and with this agreement therein: "I . . . bind myself and my heirs forever to warrant and defend" these premises "against all claims and demands whatsoever."

Upon the same day and in connection with the execution and delivery of the deed, the plaintiff and Smith entered into the following agreement in relation to the apportionment of taxes:—

"Exhibit C.

"The parties hereto agree as follows: That Whereas Dr. Smith has placed in the hands of The Fidelity Title & Trust Company the sum of Seven Hundred (700) Dollars to answer for the payment of all taxes which may be a lien on the premises situated in Norwalk, Connecticut, this day conveyed to Mr. Hill, up to December 1st, 1917:—

"Now, therefore, we Dr. Smith and George T. Hill, Jr. agree that Dr. Smith shall pay all taxes up to December 1st, 1917, and Mr. Hill agrees to pay all taxes after December 1st, 1917, on premises this day conveyed to said Hill.        Signed Edwin Everett Smith (L. S.)

George T. Hill, Jr. (L. S.)"

The fiscal year in Norwalk ends August 31st. At the time of said conveyance to the plaintiff on November 30th, 1917, the taxes on the premises in question for the fiscal year ending August 31st, 1917, had been paid. The taxes for the fiscal year ending August 31st, 1918, on this property were $534.70, and were payable on January 1st, 1918. This tax was laid on the list of 1916 and became a lien on the property on October 1st, 1916, under the terms of the charter of the city of Norwalk. The annual taxes for the fiscal year ending August 31st, 1919, on said property, were $311.76. This tax was laid on the list of 1917, on July 2d, 1917, and became a lien upon the property October 1st, 1917, under the charter of the city.

*Leo Davis,* for the appellant (plaintiff).

*Freeman Light,* with whom was *John H. Light,* for the appellee (defendant).

CURTIS, J. This case turns upon the construction which should be given to the agreement, Exhibit C, when read in the light of the attendant and surrounding circumstances.

The agreement of purchase and sale, Exhibit B, between Hill and Smith, and the deed with its covenants of warranty, appear to make any tax lien which came into effect before November 30th, 1917, the date of the conveyance, a charge against the intestate Smith.

Under the charter of Norwalk (17 Special Laws, p. 489, § 6), "any lien for taxes annually laid" shall date from the first day of the preceding October. A custom had grown up in Norwalk of laying the annual tax for a fiscal year before the fiscal year began, and of laying it upon the assessment list of the calendar year preceding that in which the tax was laid. For example, on July 2d, 1918, an annual tax was laid on the assess-

ment list of 1917, for the fiscal year ending August 31st, 1919. This tax was payable December 1st, 1918, but under the charter of the city became a lien on the land October 1st, 1917. The annual tax for the fiscal year ending August 31st, 1918, was laid in 1917 on the assessment list of 1916, and the tax became a lien on the premises taxed on October 1st, 1916. So that, in accord with this method of laying taxes, the annual taxes laid on the premises in question for the fiscal years ending August 31st, 1918, and August 31st, 1919, became liens on the premises October 1st, 1916, and October 1st, 1917, respectively. Among buyers and sellers of real estate in Norwalk, under this method of taxation, there was necessarily much confusion caused as to the state of any parcel of land in relation to tax liens. The fiscal year was known to end August 31st, and a taxpayer knew whether his annual taxes had been paid for any fiscal year.

It is in the light of these conditions that the contract, Exhibit C, is to be construed. The intestate Smith knew, when Exhibit C was executed, that he had paid the annual taxes on the property for the fiscal year ending August 31st, 1917. The plaintiff and Smith both knew that the annual taxes for the fiscal year ending August 31st, 1918, had not been paid. Construing the contract, Exhibit C, which was made at the time of the execution and delivery of the warranty deed to the plaintiff, in the light of all the attendant and surrounding circumstances, it was clearly the intent of the parties to definitely and equitably dispose of all questions as to the payment of the annual taxes on the property in question, and they did so by the agreement that Smith should pay such proportion of the current annual taxes as the time from the beginning of the current fiscal year to December 1st, 1917, bore to the entire year, and that the remaining portions of the

current annual tax and all future annual taxes should be borne by Hill. This apportionment was intended to be final, and to supersede any claims as to the payment of taxes or tax liens under the contract, Exhibit B, or the warranty deed to the contrary. This was an equitable adjustment of the tax situation.

The first clause in Exhibit C reads: "Whereas Dr. Smith has placed in the hands of The Fidelity Title & Trust Company the sum of Seven Hundred (700) Dollars to answer for the payment of all taxes which may be a lien on the premises situated in Norwalk, Connecticut, this day conveyed to Mr. Hill, up to December 1st, 1919." The plaintiff urges that this clause indicates that the subsequent clause was intended to carry out the statement as to the payment of tax liens found in such first clause. In other words, the plaintiff claims that the second clause, reading "Now therefore, we Dr. Smith and George T. Hill, Jr. agree that Dr. Smith shall pay all taxes up to December 1st, 1917 and Mr. Hill agrees to pay all taxes after December 1st, 1917, on premises this day conveyed to said Hill," should be construed as if the word "taxes" therein read tax liens. This contention, if true, renders the making and executing of the agreement an idle ceremony. Exhibit C was clearly intended to have effect by displacing such obligation as to taxes and tax liens as was recited in said first clause.

The use of "Whereas" in Exhibit C has the meaning of *although*, rather than of *since*. The trial court therefore correctly rendered judgment for the defendant.

The third reason of appeal, in relation to the admission in evidence of Exhibit 5, cannot be considered, as the finding contains no statement of such a ruling.

There is no error.

In this opinion the other judges concurred.