JONATHAN ANDREWS, Sheriff *vs.* MARCUS W. JONES.

JULY 9, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

RATHBUN, J. This is an action of debt on bond against the surety on a bond given to a sheriff to release an attachment of the property of a defendant in another action. Within four months after said attachment was made said defendant was adjudged a bankrupt. This action was commenced in the District Court of the Sixth Judicial District and was certified to this court on an agreed statement of facts.

The defendant in this action became surety on a bond to release said attachment. The condition of said bond was as follows: "Now therefore, if the final judgment in the action commenced by said writ shall be forthwith paid and satisfied after the rendition thereof (in case said judgment shall be rendered against said defendant), then this obligation shall be null and void, otherwise shall be and remain in full force and effect." It appears that the plaintiff in the

original action obtained a final judgment and that said judgment has not been satisfied; that the surety, the defendant in this action, pleaded that the defendant in the original action was, within four months after the date of said attachment, adjudicated a bankrupt, and that the plaintiff in this action demurred to said plea. After the filing of said demurrer and the agreed statement of facts the action was certified to this court to be heard and determined. In the consideration of this action the following question arises: "Does the adjudication of bankruptcy of the defendant within four months after an attachment of his personal property which has been released by the giving of a bond under our statute release the surety on the bond from further liability for any judgment in plaintiff's favor in the case?"

Section 67 (f) of the Bankruptcy Act (U. S. Comp. Stat. 1916, Section 9651) provides that: "All levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt."

The decisions are not harmonious. The later cases holding that an adjudication of bankruptcy of the principal releases the surety on an attachment bond to pay judgment follow cases which held that a bond to return the goods did not discharge the attachment but merely released the goods leaving the attachment in force, and that, as the adjudication of bankruptcy renders the attachment void, the bond falls with the attachment, but there is a vast distinction between a bond to pay judgment and a bond to return the goods. If the only condition of the bond is to return the goods there is reason for saying that the surety is not held

for failure to return the goods as the bankruptcy court would not permit the return. The bonds involved in most of the decisions relied upon by the defendant were not bonds to pay judgment, as in the case before us, but bonds to return the goods, and it is apparent from the language in some of those cases that the same court would hold that an adjudication of bankruptcy within four months after the attachment does not release the surety on a bond to pay judgment. See *Hill* v. *Smith*, (Conn.) 111 Atl. 840.

When a bond conditioned to pay judgment is given (see General Laws 1923, Sec. (5176) ) the attaching officer is required to "forthwith surrender the goods and chattels attached by him to the person whose interest therein shall have been attached, or from whose possession the same were taken, by virtue of the writ." (See General Laws 1923, Sec. (5178). ) The owner is therefore at liberty to consume or dispose of the goods as he pleases and the attachment no longer exists. There is, therefore, no attachment on which said Section 67 (f) can operate and thereby nullify the bond. *Schunack* v. *Art Metal Novelty Co.*, 26 A. B. R. (Conn.) 731; *McCoombs* v. *Allen*, 82 N. Y. 114; *King* v. *Block Amusement Co.*, 20 A. B. R. (N. Y.) 784, Aff. in 193 N. Y. 608; *Matter of Federal Biscuit Co.*, 32 A. B. R. 612. Not only is the language of said Section 67 (f) not broad enough to release the surety on the attachment bond, but Section 16 (a) of said act provides that the surety shall not be discharged. The language is as follows: "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for a bankrupt shall not be altered by the discharge of such bankrupt." What stronger language than "in any manner a surety" could have been used? See *Butterick Publishing Co.* v. *Bowen*, 33 R. I. 40.

In construing the provisions of General Laws 1923, Section (5896), which provides that: "Every assignment at common law for the benefit of creditors shall be effectual to dissolve any attachment, levy, or lien placed upon the property of the assignor not more than four months prior

to the making of such assignment," this court in *Easton* v. *Ormsby*, 18 R. I. 309, and in *Eldred* v. *Avedisian*, 27 R. I. 68, held that the surety on a bond to discharge an attachment was not released, and that the bond was not vacated by reason of an assignment for the benefit of creditors made within four months after the attachment by the person whose goods were attached. The better rule and the one supported by the weight of authority is that the surety on an attachment bond conditioned to pay judgment is not released by an adjudication, within four months after the attachment, that the person whose goods were attached is a bankrupt. See authorities cited, *supra*.

Decision is hereby rendered for the plaintiff for $500.00, the penal sum of said bond. The papers in the case, with the decision of this court certified thereon, are sent back to the District Court of the Sixth Judicial District with direction to enter final judgment for the plaintiff upon said decision, and to award the plaintiff an execution in said case for the sum of $154.50, with interest from March 1, 1924, and $10.00 costs on the original action, and costs of this action.

*Charles R. Easton*, for plaintiff.
*John A. Bennett*, for defendant.