### WARREN et al. v. ELLIS.

#### 4 Div. 721.

Supreme Court of Alabama.

Oct. 12, 1933.

Rehearing Denied Nov. 9, 1933.

Huey & Huey, of Enterprise, for appellants.

J. W. Hicks, of Enterprise, and Ewing, Trawick & Clark, of Birmingham, for appellee.

**BROWN, Justice.**

This appeal is from a judgment of the circuit court of Coffee county affirming a decree of the probate court of said county, sustaining the demurrers of the respondent, J. T. Ellis, as guardian of Mamie Pruitt, a person non compos mentis, to the petition of appellants to supersede and quash an execution against appellants and B. J. Bailey, as sureties on the bond, and B. F. Prestwood, as guardian of the estate of said Mamie Pruitt, issued on a decree rendered against B. R. Sconiers as the executor of the last will and testament of said Prestwood by the probate court, on final settlement of said guardianship of said Prestwood made by his personal representative.

The grounds on which appellants sought to have said execution superseded and quashed are that said Sconiers, as the personal representative of Prestwood, was without authority "to file and proceed with an accounting in said guardianship matter, which would bind or in any matter affect the rights of your petitioner"; and the probate court was without jurisdiction or authority to render a decree upon said final settlement "which would be binding upon or enforceable against your petitioners." That subsequent to the rendition of such decree on the final settlement of the guardianship of Prestwood by Sconiers as the executor of Prestwood's last will and testament, said executor made final settlement, in the probate court, of his administration of Prestwood's estate, and was discharged from said trust, and this had the effect of discharging the estate of Prestwood from liability on the decree rendered by the probate court on the final settlement of Prestwood's guardianship.

The statute, Code 1923, § 8201, provides, that "the court of probate, from which the appointment of a guardian of a person of unsound mind, or of a minor, is derived, *has jurisdiction* of the settlement, partial or final, of the accounts of the guardian."

And section 8207 provides: *"On the death,* resignation, or removal of the guardian, or on the expiration of his authority otherwise, or on the arrival of the ward at full age, or on his restoration to sanity, or on his death, or on the marriage of the ward, if a woman, and her husband is of age, a final settlement of the guardianship must be made; *such settlement in the event of the death of the guardian, to be made by his personal representative."* (Italics supplied.)

And section 8212 provides: "The court of probate may, by attachment, compel a guardian to obey its orders or decrees; and all final decrees rendered against a guardian, *or against the personal representative of the guardian, on a final settlement, have the force and effect of a judgment at law, on which execution may issue* against the guardian, or his personal representative, *and against the sureties of the guardian,* whether the principal has signed the bond or not, whether such settlement is voluntary or involuntary, and whether such settlement is made by the guardian while living, *or by his personal representative after his death;* and upon such decrees, process of garnishment may issue from the court of probate in like cases and manner as it may issue on judgments in courts of law, and may, in like manner, be prosecuted to judgment against the garnishee." (Italics supplied.)

These statutes first appeared in the Code of 1886, and have been brought forward through the several Codes since that date without change. Prior to the Code of 1886, the statute regulating the settlement of guardianships did not authorize the personal representative of a deceased guardian to make final settlement of the deceased guardian's accounts, and for this reason the only forum in which the liability of the estate of the guardian could be determined and the trust settled was in a court of equity, which has inherent jurisdiction in the protection and settlement of trusts.

The purpose and effect of these statutes was to remedy this defect in the law, and to confer jurisdiction on the probate court to ascertain the liability of the deceased guardian's estate, and the personal representative of such deceased guardian in making such final settlement stands in the shoes of his decedent. And the decisions seem to concur, that while it was within legislative competency to authorize the issue of execution or garnishment on a final decree so rendered against the sureties of the guardian, it was without authority under the due process clause of the Constitution (Const. U. S. Amend. 14; Const. Ala. 1901, § 13), to make such decree final and conclusive of the sureties' liability, and merely shifted to the sureties, if they desired to resist the enforcement of the decree by the method provided by the statutes, the burden of bringing forward and asserting any defense, personal to the sureties, that they might have, such as fraud, non est factum, payment, discharge, or release from their liability. Smith v. Jackson, 56 Ala. 25; Bean v. Harrison, 213 Ala. 33, 104 So. 244; Chancy v. Thweatt, 91 Ala. 329, 8 So. 283; Martin v. Ellerbe's Adm'r, 70 Ala. 326; Street, Adm'r, v. Henry et al., 124 Ala. 153, 27 So. 411; Presley v. Weakley, Adm'r, et al., 135 Ala. 517, 33 So. 434, 93 Am. St. Rep. 39; U. S. Fidelity & Guaranty Co. et al. v.

Pittman et al., 183 Ala. 602, 62 So. 784; Cowan et al. v. Perkins, 214 Ala. 155, 107 So. 63; Watson v. White et al., 216 Ala. 396, 113 So. 260.

The statute which confers jurisdiction on the probate court in no way disturbs or interferes with the jurisdiction of courts of equity, which is more comprehensive in winding up and bringing to final termination trust estates.

The first ground of the appellants' motion to quash the execution is, therefore, without merit.

We are of opinion that the second ground is equally without merit. The administration of the estate of Prestwood was a separate and distinct proceeding and related to a different trust from the guardianship. The effect of the final decree in the administration merely determined that the estate had been properly administered, and, it appears from the averments of the petition and the exhibits thereto, that that estate was insolvent and that the assets of the estate had been devoted to the payment of the debts of the estate, including a reduction of the liability of the estate to the ward of said deceased guardian. The passing of the accounts of the executor and his discharge from further administration of his trust did not satisfy or destroy the debts of the estate, except in so far as they are paid. The execution against appellants and Bailey is only for the balance due, and no reason is brought forward in the petition why said sureties are not liable and should not pay said balance.

The circuit court, therefore, properly affirmed the decree of the probate court, and the judgment of the circuit court is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.