26 So.2d 258

**MERRILL et al. v. TRAVIS.**

**4 Div. 366.**

Supreme Court of Alabama.

April 18, 1946.

Rehearing Denied June 13, 1946.

J. L. Murphy and Ralph A. Clark, both of Andalusia, and Albert J. Pickett, of Montgomery, for appellants.

S. H. Gillis and E. O. Baldwin, both of Andalusia, for appellee.

FOSTER, Justice.

This is an appeal by complainants from a decree sustaining demurrer to a bill in equity. Appellants also assign as error a decree refusing to issue a temporary injunction, under section 1057, Title 7, Code of 1940. But under it, the appeal must be taken in ten days. The appeal was taken more than ten days, so that it cannot be assigned as error.

The only question on this appeal is the ruling on demurrer to the bill as last amended.

The pertinent facts alleged are that appellee sued in detinue one Armstrong for the recovery of an automobile. Two days later he made appellants parties respondent. He gave a bond and had writ of seizure issued, which was returned by the sheriff showing that he had seized the automobile by taking it from the possession of appellants. The writ was issued prior to the time when appellants were made parties, but was executed afterwards, and on towit December 30, 1939. On January 5, 1940, a replevin bond was approved with Armstrong as principal and appellants as sureties, while they were still parties defendant.

On March 4, 1940, plaintiff amended the complaint by striking appellants as parties defendant, and on November 22, 1943, plaintiff secured a judgment against Armstrong, making proof that he was in possession of the automobile when suit was begun, and which is alleged to be untrue, and that unless restrained the said plaintiff and sheriff (then also a party defend-

ant) would mark the bond forfeited under section 923, Title 7, Code of 1940. By amendment it is alleged that when judgment was taken there was no proof made of the amount of the mortgage debt by Armstrong to plaintiff. There is no allegation of a suggestion by Armstrong as to a mortgage under section 929, Title 7, Code. But the bill alleges that such a mortgage was the basis of plaintiff's claim, though appellants claim to own the property by right superior to plaintiff's mortgage; and that the value of the automobile as proved is greatly in excess of the mortgage debt. Appellants allege that they sold the automobile to Armstrong and took a contract, a copy of which is attached; that Armstrong failed to make payments, and that in August 1939, appellants repossessed the car as authorized by the contract, and that Armstrong thereafter had no right or interest in it. Armstrong made a mortgage on it with appellee plaintiff in detinue to the Commercial Bank of Andalusia, by which appellee claimed title. This mortgage was dated October 10, 1939.

Another and last amendment was filed, striking the sheriff as a party defendant, and alleging that he had marked the bond forfeited, since the bill was filed and appellants have been forced to pay the sum of $550 and costs to or for appellee, and prayed a reference to ascertain the amount actually due appellee by Armstrong, also the amount appellants have paid him over and above the amount actually due him, and for general relief. This amendment is not an amended bill, but an addition to it as it stood before. Let it be noted that whatever was done by the parties subsequent to filing the bill and within the lis pendens is subject to such final decree as may be rendered unaffected by such subsequent conduct (Carroll v. Henderson, 191 Ala. 248, 68 So. 1), not now considering the rights of third persons not parties to the suit.

The bill alleges that one of the appellants was in possession of the automobile when the bond was executed and writ issued and executed, and that this is shown by the sheriff's return, and that after the bond was executed the automobile was left in his possession; that they did not intend to execute a bond having effect as it is drafted, but it was prepared by the sheriff and executed on his advice.

### The Remedy.

Equity ordinarily does not act when adequate relief is available at law. A writ of supersedeas, section 182, Title 13, Code, is available at law when relief is sought on facts occurring subsequent to the judgment, such as satisfaction, or if it relates to antecedent facts which show fraud in the judgment, or want of jurisdiction apparent on the face of the record. Gravett v. Malone, 54 Ala. 19; Ex parte Brickell, 204 Ala. 441, 86 So. 1; Thompson v. Lassiter, 86 Ala. 536, 6 So. 33; Henderson v. Planters' & Merchants' Bank, 178 Ala. 420, 59 So. 493; Jesse French P. & O. Co. v. Bradley, 143 Ala. 530, 39 So. 47.

When there is fraud in procuring a judgment, equity has jurisdiction, even though the four months statute, section 279, Title 7, Code, may be available also.

It may be that supersedeas could have been used as discussed in Campbell v. Byers, 6 Ala.App. 292, 60 So. 737, but we are persuaded that if appellants are entitled to relief equity may also be resorted to as was done in Woodruff v. Stough, 107 Ala. 314, 18 So. 258. In that case, the claim was as to marking the forfeiture of such a bond although the party claiming the forfeiture had received full credit for the property reflected on the main trial in the amount fixed as the mortgage debt.

### Effect of Judgment on Sureties on Replevin Bond.

The forfeiture of the bond does not name the sureties, but upon it the statute authorizes an execution against them, and provides that it "has the force and effect of a judgment." Section 923, Title 7, Code. But it is not a judgment against the sureties, except to justify an execution. Such an execution against the principal is founded on the judgment and forfeiture, but execution is against the sureties by virtue of their contract under the statute. The principal should discharge it. To see

who the sureties are, the bond must be looked up, and upon it, not upon a judgment against them, the execution is issued against them. Smith v. Jackson, 56 Ala. 25, 28. It is not a personal judgment having the qualities of such against the sureties and if it should be so held, the matter of due process would be involved. Warren v. Ellis, 227 Ala. 497, 150 So. 484, and cases cited. The sureties are concluded by their contract to the extent of the judgment against the principal, just as any person is concluded by his contract as to an amount to be fixed as there provided. But it is not conclusive that the sureties are legally bound as such. Their contract has not been tested. It is not conclusive that they are sureties. But it will support an action at law against them. Hailey v. Boyd, 64 Ala. 399.

### Nature of Relief Now Available.

The theory which supports the contention of appellants is by virtue of the principle of sections 932 and 933, Title 7, Code, whereby one not a party defendant in a detinue suit who claims the property may on his own initiative, as by section 932, supra, or on that of defendant as in section 933, supra, appear and set up his claim. He was denied the benefit of this privilege by making him a party defendant and then striking him as such after defendant made replevin bond. As a party defendant he could assert and show that he owned the property and had possession of it and title to it at the time suit was begun. If he had not been made a party he could have appeared under section 932, supra, unless defendant made a replevin bond in five days. The replevin bond which was made seems to have been approved on the sixth day after the seizure of the property as shown by the return of the sheriff. But regardless of that status, appellants were parties when the bond was made and could not make claim under section 932, supra, but had a right to assume that they could show their claim because they were parties and without the benefit of section 932, supra, and they could, in the alternative, have seen to it that defendant made use of section 929, Title 7, Code, by having his mortgage debt ascertained. Roberts v. Davis, 230 Ala. 272, 160 So. 718.

Equity will not permit them to be deprived of that right by plaintiff by having them stricken as parties defendant, after the defendant had made a replevin bond with them as sureties, especially when executed under a mistaken belief as to its effect. Moore v. Tate, 114 Ala. 582, 21 So. 820; Orr v. Echols, 119 Ala. 340, 24 So. 357; Floyd v. Andress, 246 Ala. 301, 20 So.2d 331. Equity will permit them now to assert their claim on account of the procedure adopted in this case. Woodruff v. Stough, supra.

We are only now considering the facts set forth in the bill as amended, and their legal effect, without knowing or considering what other facts exist mentioned in brief, which will be considered when properly presented.

Some of the relief which we have discussed arising out of the allegations of the bill may not be sufficiently pleaded, but they will stand against a general demurrer, and there is no special ground pointing out any defect.

The demurrer should have been overruled. It is here so decreed.

Reversed, rendered and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.