50 So.2d 160

**HUETT v. NEVINS, Sheriff.**

**5 Div. 504.**

Supreme Court of Alabama.

Jan. 11, 1951.

J. B. Atkinson, of Clanton, for appellant.

Omar L. Reynolds, A. B. Foshee and Reynolds & Reynolds, all of .Clanton, for appellee.

FOSTER, Justice.

This is an appeal by plaintiff in a summary proceeding against the sheriff of Chilton County for the failure to collect an execution issued on September 17, 1948. The sheriff, in response to the petition for a summary judgment, filed an answer setting up the facts with respect to the issuance of the execution and the reasons why it had not been collected. Those facts are substantially as follows: At the October Term 1944, this appellant obtained a judgment in the Circuit Court of Chilton County for the sum of $1500 and costs. A certificate was filed in the office of the judge of probate of Chilton County, as authorized by section 584, Title 7, Code, and an execution was issued on said judgment on July 16, 1948, and put in the hands of the appellee, as sheriff of Chilton County, for execution. On July 16, 1948, the said sheriff levied said execution upon the property and advertised the same for sale, said sale to be had on August 2, 1948. On July 17, 1948, the defendant in execution, one Tommie Fox, executed a replevin bond with S. J. Sexton and N. W. Latham as sureties, as authorized by section 562, Title 7, Code. On July 30, 1948, the defendant in execution filed a voluntary petition in bankruptcy and on that day was adjudged a bankrupt. On August 2, 1948, the date set for the sale .of said property, the sheriff was informed by the attorney for defendant Fox of said adjudication in bankruptcy. On that day the defendant Fox had said property in Clanton, the county seat of the county, and was ready to deliver the same to the sheriff for sale, but the sheriff did not sell it on account of said bankruptcy proceeding. But on that day the sheriff marked the replevin bond "forfeited" on account of a breach of the condition of same to have said property present under the terms of the bond and that said entry of forfeiture on the bond was made by the sheriff upon the advice of the attorney of record for the plaintiff. The sheriff again advertised said property for sale, the sale to occur on August 30, 1948, without any new execution issuing and without other authority from the court. On August 16, 1948, this appellant filed a petition in the bankrupt court and prayed said court for an order permitting him to proceed through said circuit court or otherwise to enforce his lien against the estate

of said bankrupt, and claimed that his lien resulted from the recorded judgment hereinabove mentioned. On that date the referee in bankruptcy made an order granting his petition. The sale occurred as advertised on August 30, 1948, and at said sale this appellant was present during the time and other bidders participated in it. The property was present and in the same condition and of the same value as it was on August 2d. At said sale one Harry Fox purchased the truck for $850.00 and this appellant purchased the mule for $25.00. Reports were made of the sale and the net amount, after payment of the costs, was paid to the plaintiff's attorney of record. The amount received from the sale of said property was not sufficient to pay the judgment in full and thereafter, on September 17, 1948, the clerk of the circuit court issued an execution and put it in the hands of the sheriff, as hereinabove referred to. For the failure to collect it this proceeding was prosecuted, as we have stated. Said execution is claimed to have been issued by virtue of section 563, Title 7, Code, upon the entry of forfeiture on the replevin bond by the sheriff. The execution was not against Fox, the defendant, but was only against Sexton and Latham, the sureties. The execution recites that they are sureties on a forthcoming bond of the defendant Fox, and he was required to collect the balance of the judgment which this appellant has recovered of them on July 16, 1948, by judgment of the Circuit Court of Chilton County.

The facts, as substantially alleged above, are set forth in the answer of appellee as sheriff of said county as a defense against the summary judgment sought to be recovered against him. The statute, which provides for the summary judgment, section 595, Title 7, Code, makes no provision for the pleading and procedure to be had under this authority.

We assume it to be true therefore that any matter which would be a good defense either legal or equitable could well be set up in the answer.

The court overruled the demurrer to the answer and plaintiff took a non-suit, and

has here assigned as error the judgment of the court in overruling the demurrer. The demurrer is on very general grounds. It is doubtful if it is more than a general demurrer forbidden by statute. Section 236, Title 7, Code; State, ex rel. Denson v. Howze, 247 Ala. 564, 567, 25 So.2d 433; Louisville & Nashville R. R. v. Nolen, 251 Ala. 445, 37 So.2d 912.

The parties on this appeal have argued the merits of the answer, although they question the sufficiency of the demurrer to present all of the matters argued. We will treat the appeal on its merits without passing on the sufficiency of the demurrer.

As against the execution, which it is claimed the sheriff failed to collect justifying the proceedings here instituted, it was the privilege of the sureties on the bond against whom the execution issued, if they had seen fit to do so, to sue out a writ of supersedeas in the same court in which the execution issued to determine the validity of the execution, section 522, Title 7, Code, and whether it was the duty of the sheriff to collect the money on it by reason of the contentions which are made in his answer to the petition for a summary judgment.

■ We have a line of cases holding that the relief by way of supersedeas is equitable in nature and usually rests on facts occurring subsequent to the original judgment. Gravett v. Malone, 54 Ala. 19; Campbell v. Byers, 6 Ala.App. 292, 60 So. 737; Henderson v. Planters & Merchants Bank of Ozark, 178 Ala. 420, 59 So. 493; Ex parte Brickell, 204 Ala. 441, 86 So. 1; Merrill v. Travis, 248 Ala. 42, 26 So.2d 258.

■ No one having pursued that remedy it is available to the sheriff to have the benefit of the same contentions which would support the supersedeas, Hallett v. Lee, 3 Ala. 28; 57 Corpus Juris 944, note 54, also page 988, section 714; and therefore we will treat the matters set up in his answer as though they were presented by petition for supersedeas which is sufficient to allow him the benefit of any equitable claim, such as estoppel, which may have arisen subsequent to the judgment on

which the execution was issued. We pause here to observe that the defense set up in this case does not go to or behind the judgment rendered as in Ward v. Deadman, 124 Ala. 288, 26 So. 916; Martin v. Hall, 70 Ala. 421.

The appellee sheriff, through his counsel, has summarized the defense set up in the answer in five numbered paragraphs, and we will treat them in that order. They are as follows:

"1. The lien of execution and levy was discharged by adjudication of bankruptcy of defendant within four months of levy.

"2. Obligors on forthcoming bond to deliver property only were released by bankruptcy of principal.

"3. Plaintiff was estopped by acts in bankruptcy court in having property released and participating in second sale and accepting all benefits from the sale.

"4. The execution issued by the clerk against obligors of forthcoming bond was null and void.

"5. The property under the forthcoming bond was in Clanton ready for delivery to the sheriff, as bond provided."

■ 1. The lien of the execution was not discharged by the bankruptcy of defendant, since it had been recorded more than four months. The Bankruptcy Act discharges those which arise from a judgment and levy within four months before filing the petition in bankruptcy. 11 U.S. C.A. § 107, sub. f, section 67, sub. f of the Bankruptcy Act.

The lien of this judgment was obtained by recording a certificate under section 585, Title 7, Code. The lien on account of the levy was by section 521, Title 7, Code.

■ 2. The sureties on the forthcoming bond were not discharged and the bond was not released from the obligation to deliver the property by the subsequent adjudication of bankruptcy against the principal debtor, the lien not having arisen within four months. 7 Corpus Juris 199; 8, Bankruptcy, § 252, P. 914. This rule is different where the lien arose within four months and was discharged by the bankruptcy, Andrews v. Jones, 46 R.I. 141, 125

A. 356, 36 A.L.R. 449; Nicolai-Neppach Co. v. Smith, 154 Or. 450, 58 P.2d 1016, 60 P.2d 979, 107 A.L.R. 1138, the bond not being conditioned to pay a money demand. Young & Co. v. Howe, 150 Ala. 157, 43 So. 488.

■ The State court had assumed jurisdiction of the property before the adjudication of bankruptcy and when, as here, the lien was not dissolved by it, the jurisdiction of the State court continues unless stayed by the bankrupt court. 8 C.J.S., Bankruptcy, § 261, P. 930; Connell v. Walker, 291 U.S. 1, 54 S.Ct. 257, 78 L.Ed. 613. But its authority to do so was expressly granted in this case by the bankrupt court.

3. In Jemison v. Cozens, 3 Ala. 636, an attachment against Calhoun was levied on slaves. Calhoun replevied them on executing bond. Mrs. Calhoun, defendant's wife, filed a suit in equity claiming them. Her only remedy was in equity at that time. An injunction of the sale was awarded, but later dissolved. The slaves were not delivered, as required by the bond, and it was returned forfeited. An execution was issued on the forfeiture of the bond. Thereafter the surety on the replevin bond delivered the slaves to the sheriff who again levied on them by virtue of the execution on the forfeited bond and advertised them for sale. This bill was filed by the surety on the replevin bond and sought relief by way of estoppel and release.

The first contention made was that the condition of the forthcoming bond was substantially complied with when the slaves were delivered to the sheriff, although this delivery was on a day subsequent to that stipulated, and to satisfy a different execution. The slaves had not been sold under that execution but were under levy and subject to sale to satisfy the latter execution. It was a levy by virtue of an execution issued on the forfeited bond, not on the first execution which was not then in the hands of the sheriff. The property had not been sold, though advertised for sale under the second execution.

Here, the sheriff proceeded to sell the same property under the same execution.

The two advertised notices of sale are identical except as to the date set for the sale. The execution which the sheriff is charged with not enforcing was not then in existence, and was not issued until September 17, 1948. The only process which the sheriff had when he advertised and sold the property, at which plaintiff participated, was that which he had when the bond was marked forfeited. The Court held in the Jemison case, supra, that no ground was shown to restrain the plaintiff from making a levy on the slaves to satisfy the execution issued on the forthcoming bond. That was the ultimate question for decision.

■ We think that is not here controlling. If the sheriff had no authority to proceed with the sale on the levy previously made under the same execution after the forthcoming bond had been marked forfeited, the plaintiff in execution could and should have so instructed the sheriff and not have approved it by buying some of the property and accepting the benefits of it all. The procedure of the sheriff in levying on property and selling it under execution is subject to the control of the plaintiff in execution. Patton v. Hamner, 28 Ala. 618.

■ It may be, as said in the Jemison case, supra, the property was probably released from the levy by marking the bond forfeited. But it was not so regarded for the sheriff immediately again assumed control over it and sold it. Appellant's conduct, here material, had the equitable effect of removing the forfeiture of the bond. Compare, Merrill v. Travis, 248 Ala. 42, 26 So.2d 258.

The same contention would be available at law on a petition for supersedeas and as a defense to a summary judgment.

■ 4. We have referred to the averments of the execution as to the judgment on which it was issued. Again we notice that it refers to a judgment recovered by plaintiff against Sexton and Latham on July 16, 1948, in the Circuit Court of Chilton County, and describes them as sureties on the forthcoming bond of Tommie Fox, defendant. That is not an accurate statement. The bond was forfeited August 2, 1948. The date of the bond was July 16,

1948. The circuit court did not render a judgment against Sexton and Latham. The forfeiture of the bond is not a personal judgment against them, but it is in substance a limited statutory judgment for the one purpose of supporting an execution. The execution issues not on a judgment but on the forfeited bond. Smith v. Jackson, 56 Ala. 25, 27, 28; Merrill v. Travis, 248 Ala. 42, 44, 45, 26 So.2d 258.

■ But "it is not indispensable to the regularity of an execution issued on a forthcoming bond, that it should affirm on its face that the bond was forfeited, though to have authorized it to issue, the proper officer should have made such return." Sheppard v. Melloy, 12 Ala. 561. In that case a petition for supersedeas was presented by the surety to arrest the execution because, for one reason, there was no such judgment as is described in the execution. The trial court granted the petition with that as one ground. On appeal this Court made the observation we have quoted. We have found nothing to reflect on that expression of the law as thus applied. In that case also, as in this, the amount recited in the two executions differ as to the amount of the judgment. In the first execution it is $1500. In the second execution it is recited as $1093.94. Section 563, Title 7, Code, is that on a forfeiture of the bond, execution should issue for the amount of the judgment and costs. But the Court observed in the Sheppard case, supra, that the record, which showed a variance, furnished the data for its correction and it was the duty of the court *ex mero motu* to direct an amendment.

■ The question here is whether the execution is void, not voidable. It was held not to be void in De Loach v. Robbins, 102 Ala. 288, 14 So. 777, for errors as to the date or amount of the judgment. See, also, Spence v. Tuggle, 10 Ala. 538; Shorter v. Mims, 18 Ala. 655; McCollum v. Hubbert, 13 Ala. 282; Thompson v. Bondurant, 15 Ala. 346; Deloach v. State Bank, 27 Ala. 437. We cannot support the fourth claim made by appellee.

■ 5. The fifth claim is not tenable. It was the sheriff, this appellee, who

marked the bond forfeited for a failure of defendant to have the property forthcoming on August 2, 1948. He cannot now in a collateral proceeding say that the property was then forthcoming and that the return was false unless he connects plaintiff with fraudulently inducing him to make the return. Jemison v. Cozens, supra. Whether he could by permission of the court thus amend his return is not here important. See, Palatine Ins. Co. v. Hill, 219 Ala. 123, 121 So. 412.

But we think the trial court was justified in overruling the demurrer to appellee's answer on account of the third principle insisted upon above. There was no error in overruling the demurrer. Appellant's non-suit is effective and must so remain.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.